IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIA VADIS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| SKYPE, INC.; SKYPE ) | **JURY TRIAL DEMANDED** |
| COMMUNICATIONS SARL; ) | |
| SKYPE GLOBAL SARL; SKYPE ) | |
| SOFTWARE SARL; AND ) | |
| SKYPE TECHNOLOGIES, SA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Via Vadis, LLC ("Via Vadis"), by its undersigned attorneys, demands a trial by jury of all claims and issues so triable, and, as and for its Complaint for Patent Infringement against Defendants, Skype, Inc. ("Skype"), Skype Communications S.à r.l. ("SkypeC"), Skype Global S.à r.l. ("SkypeG"), Skype Software S.à r.l. ("SkypeS") and Skype Technologies, SA ("SkypeT") (collectively, "Defendants"), hereby alleges the following:

### NATURE OF THE ACTION

1.      This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale and/or offer for sale in the United States and/or importation into the United States by Defendants of their SKYPE peer-to-peer voice over internet protocol ("VOIP") communications systems, methods, products and services.

## THE PARTIES

2. Plaintiff Via Vadis is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at MAISON 2, Leithum, 9910 Luxembourg.

3. Defendant Skype is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Skype has its principal place of business at 3210 Porter Drive, Palo Alto, CA 94304, and is doing business in this judicial district.

4. Defendant SkypeC is a limited liability company organized and existing under the laws of Luxembourg. On information and belief, SkypeC has its principal place of business at Rives de Clausen 23-29, L-2165 Luxembourg, and is doing business in this judicial district.

5. Defendant SkypeG is a limited liability company organized and existing under the laws of Luxembourg. On information and belief, SkypeG has its principal place of business at 22/24 Boulevard Royal, 6e, étage, L-2449 Luxembourg, and is doing business in this judicial district.

6. Defendant SkypeS is a limited liability company organized and existing under the laws of Luxembourg. On information and belief, SkypeS has its principal place of business at 15 rue Notre Dame, L-2240 Luxembourg, and is doing business in this judicial district.

7. Defendant SkypeT is a limited liability company organized and existing under the laws of Luxembourg. On information and belief, SkypeT has its principal place of business at Rives de Clausen 23-29, L-2165 Luxembourg, and is doing business in this judicial district.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281, and 283-285. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. On information and belief, the Defendants have solicited business in the State of Delaware, transacted business within the State of Delaware and attempted to derive financial benefit from residents of the State of Delaware, including benefits directly related to the instant patent infringement cause of action set forth herein.

10. On information and belief, the Defendants have placed their infringing systems and products into the stream of commerce, and practiced their infringing methods and services, throughout the United States with the expectation that they will be offered for sale, sold and used in this judicial district, which systems, methods, products and services have been offered for sale, sold and used in this judicial district.

11. Each defendant is subject to personal jurisdiction in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b).

## PATENTS-IN-SUIT

13. On September 23, 2008, U.S. Reissue Patent No. RE40,521 ("'521 patent"), entitled "Data Access and Management System as well as a Method for Data Access and Data Management for a Computer System," was duly and legally issued by the United States Patent and Trademark Office. Via Vadis is the exclusive licensee of the '521 patent, with the right to sue for and recover all past, present and future damages and to seek and obtain injunctive relief

for infringement of the '521 patent. A true and correct copy of the '521 patent is attached hereto as Exhibit A.

14. On March 8, 2011, U.S. Patent No. 7,904,680 ("'680 patent"), entitled "Data Access and Management System as well as a Method for Data Access and Data Management for a Computer System," was duly and legally issued by the United States Patent and Trademark Office. Via Vadis is the exclusive licensee of the '680 patent, with the right to sue for and recover all past, present and future damages and to seek and obtain injunctive relief for infringement of the '680 patent. A true and correct copy of the '680 patent is attached hereto as Exhibit B.

## DEFENDANTS' INFRINGING ACTS

15. Defendants own, operate and are otherwise responsible for SKYPE peer-to-peer voice over internet protocol ("VOIP") communications systems, methods, products and services, which are available through computers, such as desktop and laptop computers, communications devices, such as telephones and mobile devices, and other devices, such as gaming systems and television systems. On information and belief, Defendants have used and continue to use Via Vadis' patented technology by providing the SKYPE peer-to-peer VOIP communications systems, methods, products and services, which are available to residents in this judicial district.

16. Prior to the filing of this patent infringement action in the U.S., Defendants were advised of Via Vadis' patented technology and that the SKYPE peer-to-peer VOIP communications systems, methods, products and services infringe Via Vadis' patent rights. On January 21, 2011, Via Vadis Controlling GmbH, an owner of the rights in European Patent EP 1 151 591 ("EP '591 patent") corresponding to the patents-in-suit, filed a lawsuit with the District

Court of Dusseldorf in Germany against SkypeS based on infringement of the EP '591 patent. AC Technologies S.A. and Via Vadis Controlling GmbH ("Via Vadis Claimants") also filed a motion in Luxembourg with the Président du Tribunal d'arrondissement de et à Luxembourg. As a result of the proceedings initiated in Luxembourg, the Court President issued an Ordonnance (search order), in order to gather evidence of the infringement and which entitled the Via Vadis Claimants to inspect the business premises of SkypeS in Luxembourg. The Ordonnance was based on the reasonable suspicion of an infringement of the EP '591 patent. The filing of the motion was based on the expert opinion of Dr. Fuhrmann of the Technical University Munich (Technische Universität München) dated November 19, 2010.

17. Based on the Ordonnance of January 21, 2011 and the subsequent inspection of January 27, 2011, two court appointed experts, Dr. Hoppen and Mr. Douxchamps, rendered an expert opinion on March 22, 2011. On information and belief, SkypeS is using software for which supernodes are an essential component of the peer-to-peer network, and the supernodes are required for the establishment of the connection between the Skype-clients. On information and belief, the source code of the SkypeS software could not be investigated by the experts due to non-cooperation of SkypeS, which was not in compliance with the judicial Ordonnance.

18. SkypeS has appealed the Ordonnance (search order) which provides for an inspection of the SkypeS business premises in order to gather evidence of the infringement. This appeal is currently pending and will be heard by the court on June 21, 2011.

19. On April 21, 2011, the Via Vadis Claimants filed a patent infringement lawsuit against SkypeS in Luxembourg requesting that SkypeS be ordered to stop using the infringing SkypeS technology and to pay damages. Prior to the filing of the Luxembourg patent

infringement lawsuit, on February 11, 2011, SkypeS and the Via Vadis Claimants met to discuss a business resolution to amicably resolve the dispute. However, SkypeS was unwilling to discuss any terms to resolve the dispute.

20. Following the filing of the Luxembourg patent infringement lawsuit and prior to the filing of this action, Defendants were not willing to meet to discuss a resolution of the dispute.

## COUNT I
### (INFRINGEMENT OF U.S. REISSUE PATENT NO. RE40,521)

21. Via Vadis incorporates by reference each of the allegations in paragraphs 1-20 above.

22. On information and belief, Defendants Skype, SkypeC, SkypeG, SkypeS and SkypeT, either alone or in conjunction with others, are infringing (literally and/or under the doctrine of equivalents) the '521 patent in this judicial district and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling systems, methods, products and services that are covered by one or more claims of the '521 patent. Upon information and belief, such systems, methods, products and services are especially designed to be used by Skype users in such a way that infringes the '521 patent, lack substantial noninfringing uses, and have been used by customers to infringe the '521 patent.

23. Defendants' actions as alleged in paragraph 22 are without the consent of Via Vadis and violate 35 U.S.C. § 271.

24. Via Vadis has been seriously damaged and irreparably injured by Defendants' infringement of the '521 patent, and will suffer additional irreparable damage and impairment of

the value of its patent rights unless Defendants are enjoined by this Court from continuing to infringe the '521 patent.

25.     Via Vadis is entitled to recover damages from the Defendants to compensate it for the infringement.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,904,680)

26.     Via Vadis incorporates by reference each of the allegations in paragraphs 1-25 above.

27.     On information and belief, Defendants Skype, SkypeC, SkypeG, SkypeS and SkypeT, either alone or in conjunction with others, are infringing (literally and/or under the doctrine of equivalents) the '680 patent in this judicial district and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling systems, methods, products and services that are covered by one or more claims of the '680 patent.  Upon information and belief, such systems, methods, products and services are especially designed to be used by Skype users in such a way that infringes the '680 patent, lack substantial noninfringing uses, and have been used by customers to infringe the '680 patent.

28.     Defendants' actions as alleged in paragraph 27 are without the consent of Via Vadis and violate 35 U.S.C. § 271.

29.     Via Vadis has been seriously damaged and irreparably injured by Defendants' infringement of the '680 patent, and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined by this Court from continuing to infringe the '680 patent.

30.     Via Vadis is entitled to recover damages from the Defendants to compensate it for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Via Vadis prays for the entry of a judgment from this Court:

(a)     Declaring that the '521 patent was duly and legally issued, is valid and is enforceable;

(b)     Declaring that Defendants have directly infringed, contributorily infringed and/or induced the infringement of one or more claims of the '521 patent;

(c)     Permanently enjoining Defendants, their officers, directors, employees, agents, attorneys, privies, successors, and assigns, and all persons and entities acting in concert or participation with Defendants, under its authority or control, or on its behalf, from committing further acts of infringement of the '521 patent;

(d)     Declaring that the '680 patent was duly and legally issued, is valid and is enforceable;

(e)     Declaring that Defendants have directly infringed, contributorily infringed and/or induced the infringement of one or more claims of the '680 patent;

(f)     Permanently enjoining Defendants, their officers, directors, employees, agents, attorneys, privies, successors, and assigns, and all persons and entities acting in concert or participation with Defendants, under its authority or control, or on its behalf, from committing further acts of infringement of the '680 patent;

(g)     Ordering Defendants to file with this Court and to serve upon Plaintiff Via Vadis within thirty (30) days after service upon Defendants of an injunction issued by the Court in this

action a report in writing under oath setting forth in detail the manner in which Defendants have complied with such injunction;

      (h)      Ordering an accounting for the damages to Plaintiff Via Vadis arising out of Defendants' infringing activities;

      (i)      Awarding Via Vadis damages in accordance with 35 U.S.C. § 284;

      (j)      Deeming this to be an "exceptional case" within the meaning of 35 U.S.C. § 285, entitling Via Vadis to an award of its reasonable attorney fees, expenses and costs in this action;

      (k)      Awarding Via Vadis its reasonable attorney fees, expenses and costs in this action in accordance with 35 U.S.C. § 285;

      (l)      Awarding Plaintiff Via Vadis pre-judgment and post-judgment interest; and

      (m)      Awarding Plaintiff Via Vadis such other and further relief as this Court may deem just and proper.

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| | /s/ Adam W. Poff |
| Martin M. Zoltick | Adam W. Poff (No. 3990) |
| ROTHWELL, FIGG, ERNST & | Monté T. Squire (No. 4764) |
| MANBECK, P.C. | The Brandywine Building |
| 1425 K Street NW, Suite 800 | 1000 West Street, 17th Floor |
| Washington, DC 20005 | Wilmington, Delaware 19801 |
| (202) 783-6040 | (302) 571-6600 |
| mzoltick@rfem.com | apoff@ycst.com |
| | msquire@ycst.com |
| | |
| | *Attorneys for Plaintiff Via Vadis, LLC* |

Dated: June 9, 2011