IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIA VADIS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SKYPE, INC. *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-cv-00507 (MMB) |

**VIA VADIS, LLC'S OPPOSITION TO SKYPE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff Via Vadis, LLC ("Via Vadis"), by and through its undersigned counsel, submits this Opposition to the Skype Defendants' Motion to Dismiss its First Amended Complaint, and states as follows:

With the exception of one new argument regarding service, Skype Communications, S.A.R.L., Skype Global S.A.R.L., Skype Software S.A.R.L. and Skype Technologies, S.A. (collectively, the "Skype Defendants") have filed a virtually verbatim copy of the motion to dismiss filed by Skype, Inc.[1] *See* ECF Nos. 18 and 22. Rather than repeat Via Vadis' substantive response to this motion herein, Via Vadis adopts and incorporates its Opposition to Skype, Inc.'s Motion to Dismiss First Amended Complaint. *See* ECF No. 20.

## I. SKYPE SOFTWARE AND SKYPE GLOBAL'S ARGUMENT REGARDING IMPROPER SERVICE IS FORM OVER SUBSTANCE.

The only new argument raised in the Skype Defendants' Motion to Dismiss is that two of the Skype Defendants,[2] Skype Software S.A.R.L. ("Skype Software") and Skype Global S.A.R.L.

---

1 Skype, Inc. and the Skype Defendants shall be collectively referred to herein as "Skype".

2 The remaining Skype Defendants have waived any right to contest service of process. Fed. R. Civ. P. 12(h).

("Skype Global"), were served with the original complaint rather than the First Amended Complaint ("FAC"), and thus, service was improper. *See* ECF No. 22 at p. 2-3, 11-12. This argument elevates form over substance and constitutes a waste of this Court's valuable time and resources.

On June 9, 2011, Via Vadis filed its original complaint. On June 10, 2011, Via Vadis properly served Skype, Inc. On July 29, 2011, Skype, Inc. filed a motion to dismiss. *See* ECF No. 8. On August 12, 2011, Via Vadis filed the FAC. *See* ECF No. 10. On August 29, 2011, Skype, Inc. filed its Motion to Dismiss Via Vadis' FAC. *See* ECF No. 18. In June 9 and 22 email messages, as well as during several telephone conferences with Skype's counsel during May and June, Via Vadis' counsel requested that Skype, Inc.'s counsel, who also represents the Skype Defendants, accept service on behalf of the Skype Defendants. *See* Affidavit of Martin M. Zoltick, attached hereto as **Exhibit 1**. Skype, Inc.'s counsel refused, causing Via Vadis to incur the exorbitant cost of serving the Skype Defendants in Luxembourg under the Hague Convention. Ex. 1.

Via Vadis retained Civil Action Group, Ltd. ("Civil Action") to perform service of the Skype Defendants in accordance with the Hague Convention, which requires translation of the documents and service by the Court baliff in Luxembourg. Ex. 1. The cost of this service as of August 31, 2011, was Sixteen Thousand Six Hundred Sixty-Five Dollars and Thirty Cents ($16,665.30). *See* Invoice from Civil Action for service of the Skype Defendants, attached hereto as **Exihibit 2**. Civil Action reported that both the original complaint and the FAC (including the exhibits) had been properly translated and packages containing both documents to be served on each of the Skype Defendants had been delivered to the Court baliff in Luxembourg. Ex. 1. Civil Action advised that, on September 2, 2011, the baliff served Skype

Communications, S.A.R.L. and Skype Technologies, S.A. with the FAC. Ex. 1. After the Skype Defendants filed the instant motion, Civil Action determined that, for reasons unknown, the baliff split apart the packages provided by Civil Action for Skype Software and Skype Global, and on September 2, 2011, served those entities with the original complaint only. Ex. 1.

Rather than contact Via Vadis' counsel and inform them of this obvious ministerial error, Skype Software and Skype Global saw fit to file the instant motion to dismiss. Ex. 1. On September 26, 2011, after learning of the service error, counsel for Via Vadis contacted counsel for Skype, who represents all of the defendants here, and again, requested that counsel accept service for Skype Software and Skype Global. Ex. 1. This request was denied. Ex. 1.

Via Vadis has contacted Civil Action to begin the process of serving the FAC on Skype Software and Skype Global. Ex. 1. Because counsel for Skype, Inc. represents all of the Skype Defendants and these are all related entities, Skype Software and Skype Global have had actual notice of the FAC since it was filed and served on August 12, 2011 through the Court's ECF notification system.

In this case, where attempts have been made to obtain service by agreement, service of the original complaint was made, and Via Vadis has already taken steps to ensure that the technical requirements of service are met, dismissal is not warranted. Indeed, the case law is clear that quashing the service and preserving the action is the preferable means of addressing this issue. In this regard, it is telling that the Skype Defendants cited to *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985), but failed to cite to the portion of the opinion that reads, "[w]here service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant, even though ***service will ordinarily be quashed and the action preserved where there is a reasonable***

***prospect that plaintiff ultimately will be able to serve defendant properly.***" *Id.* (citation omitted) (emphasis added). Here, it is clear that there is a reasonable prospect that Via Vadis will be able to serve the FAC, as Skype Software and Skype Global admittedly received the original complaint and Via Vadis has already resubmitted the FAC to the baliff in Luxembourg to effectuate service. *See* Ex. 1. Thus, at most, the Court should quash the service so that Via Vadis can complete service of the FAC. *See* Ex. 1.

**II. THE ARGUMENTS RAISED IN SKYPE, INC.'S REPLY TO VIA VADIS' OPPOSITION TO SKYPE, INC.'S MOTION TO DISMISS ARE NOT PERSUASIVE.**

In Skype, Inc.'s Reply to Via Vadis' Opposition to its Motion to Dismiss, Skype, Inc. simply disregards the arguments raised by Via Vadis in its Opposition. *See* ECF No. 28. With respect to direct infringement, Skype, Inc. continues to argue that it is unaware of what products, systems, methods and services Via Vadis accuses of infringement because the FAC uses the language, "including but not limited to" and thus, it is argued that the FAC is so open-ended that Skype cannot possibly formulate a response. This argument again places form over substance. As outlined in the Opposition, the Complaint makes clear that it is Skype's peer-to-peer voice over internet protocol software that underlies Skype's product and service offerings that Via Vadis accuses of infringement. Compl. at ¶¶ 15, 16, 18, 24, 35. Skype is intimately aware that the source code that was the subject of the European experts' search in Luxembourg is precisely the software at issue here, which facts are alleged in great detail in the Complaint. Compl. at ¶¶ 17-19.

With respect to the indirect infringement claims, Skype continues to argue that this Court should hold that the standard of proof required to prove subjective intent be applied to the motion to dismiss where the Court need only determine whether Via Vadis has sufficiently ***pled*** the

elements of indirect infringement, including the intent element. Put differently, Skype argues that Via Vadis should be forced to prove in its complaint that Skype had the requisite intent to warrant a finding of indirect infringement. In fact, Skype seeks to hold Via Vadis to a higher standard than is even required at trial in that Skype argues that Via Vadis must have ***direct evidence of subjective intent at the pleadings stage***.

As this Court is undoubtedly aware, even at trial, direct evidence of intent is not required. Rather, intent is often proven by circumstantial evidence and reasonable inferences drawn from such evidence. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.2d 1301, 1322 (Fed. Cir. 2009). For this reason, intent is only required to be pled generally, regardless of the type of cause of action. *Trading Techs. Intl., Inc. v. BCG Partners, Inc.*, 2011 U.S. Dist. LEXIS 99415 at *13-14 (N.D. Ill. Sept. 2, 2011). Via Vadis has clearly met this standard in the FAC.

Incredibly, Skype, Inc. also suggests that because only Skype's sister companies are parties to the litigation is Luxembourg, it is not aware of what products, services, methods and systems Via Vadis alleges to infringe. It is beyond dispute, however, that Skype, Inc. is under the same ownership and control as the other Skype Defendants, and accordingly, it is reasonable to infer that knowledge of one equates to knowledge by the others. Clearly, Skype, Inc. cannot claim that it is unaware of the Luxembourg litigation or the source code that was subject of the expert search in Luxembourg.

Skype, Inc.'s reliance on *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) for the proposition that the filing of a complaint is not sufficient to establish the requisite knowledge of a patent is similarly misplaced. *See* ECF No. 28, p. 8. In *Mallinckrodt*, the plaintiffs argued that the filing of the complaint in that very action was sufficient notice of infringement. 670 F. Supp. at 352. That is not what Via Vadis has alleged. Rather, Via Vadis

asserts that Skype was aware of the filing of the Luxembourg litigation and the European patents, which are substantially similar to the patents-in-suit, and further that Skype was aware of the complaint that Via Vadis previously filed in Virginia related to the patents-in-suit. Compl. at ¶¶ 17, 20, 21, 37. These allegations related to litigation ***prior to*** the institution of the instant suit show that Skype had notice of ***the existence*** of the patents-in-suit.

Again, Skype attempts to characterize these allegations in a vacuum without reference to the entirety of the FAC to justify the position that Via Vadis has not alleged that Skype had the requisite knowledge that its acts induced infringement. Via Vadis alleged in the FAC that Skype has used and continues to infringe Via Vadis' patents by making, using, importing, offering for sale and/or selling certain technology. Compl. at ¶¶ 16, 23. At the risk of stating the obvious, Skype is aware of its own actions. Via Vadis further alleged that Skype had knowledge of its actions to induce infringement, such as instructing users on how to acquire and use the infringing software and to manufacturers on how to embed the software in their products. Compl. at ¶¶ 27, 28, 38, 39. These allegations, when viewed together, are sufficient to allege actual knowledge of infringement. Simply because Skype apparently intends to defend this lawsuit on the basis that it does not, in fact, infringe, does not mean that Via Vadis has failed to meet the pleading standard. Skype essentially argues that unless Via Vadis can plead that on a certain date prior to the filing of the complaint that Skype admitted it was infringing Via Vadis' patents, Via Vadis cannot meet the pleading standard. Clearly, adoption of such a standard would effectively render it impossible for any plaintiff to plead a claim of indirect infringement.

Moreover, in lieu of actual knowledge, Via Vadis certainly pled willful blindness. In this regard, Via Vadis alleged that Skype refused to provide its source code to court-appointed experts who were ordered to determine whether Skype's software infringed Via Vadis' European

patents. Compl. at ¶¶ 17-18. Indeed, to hide source code from court appointed experts in the hope of avoiding an adverse finding is the very definition of willful blindness. Accordingly, Via Vadis has sufficiently alleged that Skype actively took steps to avoid knowing that its actions constitute infringement.

WHEREFORE, for the reasons set forth herein, Plaintiff Via Vadis, LLC respectfully requests that Skype's Motion to Dismiss be denied in its entirety.

Respectfully submitted,

/s/ Daniel A. Griffith
Daniel A. Griffith
Whiteford, Taylor & Preston LLC
1220 North Market Street
Suite 608
Wilmington, Delaware 19801
(302) 353-4144
dgriffith@wtplaw.com

Steven E. Tiller (*admitted pro hac*)
Edward M. Buxbaum (*admitted pro hac*)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
stiller@wtplaw.com
ebuxbaum@wtplaw.com

Martin M. Zoltick (*pro hac motion pending*)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street NW
Suite 800
Washington, DC 20005
(202) 783-6040
mzoltick@rothwellfigg.com

Robert J. Weltchek (*admitted pro hac*)
WELTCHEK MALLAHAN & WELTCHEK
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
410-825-5287

rweltcheck@wmwlawfirm.com

***Attorneys for Plaintiff,***
***VIA VADIS, LLC***