IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIA VADIS, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SKYPE, INC., et al. | : | NO. 11-507 |

MEMORANDUM

Baylson, J.                                                          January 27, 2012

I.  **Background**

In this patent infringement case, Plaintiff Via Vadis, LLC alleges that it is the exclusive licensee of two patents and sues five separate Defendants, all of which have the name "Skype" in their title, and are related in various ways.  The First Amended Complaint identifies the patents in suit and alleges that Defendants "own, operate and are otherwise responsible for SKYPE peer-to-peer voice over internet protocol ("VOIP") communications systems, methods, products and services, which are available through computers, such as desktop and laptop computers, communications devices, such as telephone and mobile devices and other devices, such as gaming systems and television systems." (ECF No. 10, at ¶ 15.)

The First Amended Complaint also alleges that "Defendants have used and continue to use Via Vadis' patented technology by providing the SKYPE peer-to-peer VOIP communications systems, methods, products and services, which are available to residents in this judicial district." (Id. at ¶ 16.)  Plaintiff asserts that it has expert opinions supporting its claims and that it had filed patent infringement suits against one of Defendants in Germany, Luxembourg, and the Eastern District of Virginia.  (Id. at ¶¶ 17-21.)  The latter action was dismissed without prejudice when

1

the original Complaint was filed in the instant action. (Id. at ¶ 21.)

The First Amended Complaint consists of two counts of patent infringement, one for each patent allegedly infringed, and the allegations of each count are very general and similar in nature. Each allegation asserts that it is based "on information and belief" and uses conclusory language asserting that Defendants are infringing on the patents owned by Plaintiff and that the infringement was intentional. (See id. at ¶¶ 22-32, 33-43.) The patents in suit are attached to the First Amended Complaint as exhibits. (See id. Exhs. A & B.)

There are two separate Motions to Dismiss filed by Defendants. (See ECF Nos. 18 & 22.) The basic thrust of both motions is that the First Amended Complaint is vague, uses only conclusory language, and lacks facts showing why the Plaintiff is entitled to relief.

## II.   Legal Standard

A claim may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Generally, a district court may consider only facts alleged in the complaint and its attachments on a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). The court may also take into consideration a "document integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original).

The Third Circuit has held that a district court must conduct a two-part analysis to determine whether a claim survives a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d

203, 210 (3d Cir. 2009). First, the court must distinguish between the factual and legal elements of the claim. Id. at 210–11. The court must accept as true the plaintiff's well-pled allegations and construe the complaint in the light most favorable to the plaintiff, Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 253 (3d Cir.2009) (citing Lewis v. Atlas Van Lines, Inc., 542 F.3d 403, 405 (3d Cir.2008)), but not "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Fowler, 578 F.3d at 210 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). Second, the court must inquire whether the complaint states a plausible claim to relief. Id. at 211 (citing Iqbal, 129 S. Ct. at 1950). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

### III.   Discussion

In its opposition to Defendants' Motions to Dismiss, Plaintiff cites certain district court cases that have taken a more narrow view of Iqbal than this Court believes is appropriate. However, the arguments made by Plaintiff are no substitute for factual allegations "showing that the pleader is entitled to relief," as Rule 8 explicitly requires. Iqbal, 129 S. Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff also asserts that it may not be able to make more specific allegations without discovery, but the Court rejects this argument. Plaintiff asserts that it has opinions of experts, although it has not had access to Defendants' source code.

The Court agrees with Defendants that the First Amended Complaint fails to meet the standards required by the Supreme Court in the landmark cases of Twombly and Iqbal. There are simply no factual allegations advising Defendants how or why their products infringe on

Plaintiff's patents, specifying what actions Defendants took that would warrant a conclusion that the infringement was willful or intentional, or supporting the claims that Defendants induced others to infringe.

The Federal Circuit's opinion in McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007), a patent infringement case decided after Twombly but before Iqbal is not controlling. Initially, McZeal notes that a motion to dismiss is a purely procedural question not pertaining to patent law and, thus, regional circuit law applies. Id. at 1355-56. In McZeal, the Federal Circuit suggested that Form 16 – now, Form 18 – of the Federal Rules of Civil Procedure, which provides a sample complaint for patent infringement, satisfies the pleading standard set forth in Twombly. Form 16 only required: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device or devices that embody the patented invention, (4) a statement that plaintiff has given defendant notice of the infringement; and (5) a demand for injunctive relief and damages. See Fed. R. Civ. P. Form 16 (2006). Form 18, in its present state, requires the same. See Fed. R. Civ. P. Form 18 (2012).

Although McZeal is entitled to respect, the Supreme Court's decision in Iqbal requires adherence, and ultimately undermines McZeal. See, e.g., Eidos Commc'ns., LLC v. Skype Techs. SA, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (holding that mere allegations that defendants' "communication system products and/or methodologies" infringed plaintiffs' patents were insufficient because "Plaintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods"). Moreover, other district courts have found McZeal to be irreconcilable with Twombly and Iqbal, and have declined to

4

follow it altogether. See, e.g., Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011) (explaining that "the forms purporting to illustrate what level of pleading is required do not reflect the sea change of Twombly and Iqbal," and recommending that the forms be updated "to clearly comply with existing law"). The Third Circuit's ruling in Fowler after Iqbal clearly warrants a more factual pleading. See 578 F.3d at 210-11.

McZeal is also inapposite on relevant facts. As the Federal Circuit itself noted in McZeal, the decision in that case was driven, at least in part, by the fact that plaintiff was proceeding pro se and was thus entitled to a somewhat relaxed pleading standard. See 501 F.3d at 1356 ("Where, as here, a party appeared pro se before the trial court, the reviewing court may grant the pro se litigant leeway on procedural matters, such as pleading requirements."). Therefore, McZeal cannot properly be read as a blanket rule governing all infringement actions.

Here, Plaintiff will be allowed to file a second amended complaint and need not allege every possible theory and all specific facts, but can, should, and must plead sufficient facts to show that it is entitled to relief.

Defendants have also argued that Plaintiff did not properly effect service upon Defendant Skype Software SARL. In view of the fact that Plaintiff will presumably file a second amended complaint, Plaintiff shall take steps to make proper service on all Defendants. The Court believes that the service of a second amended complaint on defense counsel will obviate the grounds of improper service asserted by Defendants. If necessary, the Court will resolve this issue if a subsequent motion to dismiss is filed in response to the second amended complaint.

IV. Conclusion

Accordingly, Defendants' Motions to Dismiss (ECF Nos. 18 & 22) are GRANTED,

5

without prejudice to Plaintiff filing a second amended complaint within thirty (30) days. An appropriate Order follows.

O:\DE Cases\11-507 Via Vadis v Skype\Via v Skype Memo MTD REVISED.wpd