IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIA VADIS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SKYPE, INC.; SKYPE COMMUNICATIONS SARL; SKYPE GLOBAL SARL; SKYPE SOFTWARE SARL; SKYPE TECHNOLOGIES, SA, and MICROSOFT CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-507 (RGA)<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO SECOND AMENDED COMPLAINT OF SKYPE, INC.; SKYPE COMMUNICATIONS SARL; SKYPE GLOBAL SARL; SKYPE SOFTWARE SARL; AND SKYPE TECHNOLOGIES, SA**

Defendants Skype, Inc. ("Skype, Inc."), Skype Communications S.à r.l. ("Skype Communications"), Skype Global S.à r.l. ("Skype Global"), Skype Software S.à r.l. ("Skype Software"), and Skype Technologies, SA ("Skype Technologies") (collectively, "the Skype Parties"), by and through their undersigned counsel, answer the Second Amended Complaint as follows:

## NATURE OF THE ACTION

1. The Skype Parties admit that Via Vadis's action purports to be one for patent infringement. Except as expressly admitted, denied.

## THE PARTIES

2. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny them.

3. The Skype Parties admit that Skype, Inc. is a corporation organized and existing under the laws of the State of Delaware. The Skype Parties admit that Skype has its principal

place of business at 3210 Porter Drive, Palo Alto, CA 94304. Skype consents to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

4. The Skype Parties admit that Skype Communications is a limited liability company organized and existing under the laws of Luxembourg. The Skype Parties admit that Skype Communications has its principal place of business at Rives de Clausen 23-29, L-2165 Luxembourg. Skype Communications consents to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

5. The Skype Parties admit that Skype Software is a limited liability company organized and existing under the laws of Luxembourg. The Skype Parties deny that Skype Software has its principal place of business at 15 rue Notre Dame, L-2240 Luxembourg. Skype Software consents to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

6. The Skype Parties admit that Skype Technologies is a limited liability company organized and existing under the laws of Luxembourg. The Skype Parties admit that Skype Technologies has its principal place of business at Rives de Clausen 23-29, L-2165 Luxembourg. Skype Technologies consents to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

7. The Skype Parties admit that Skype Global is a limited liability company organized and existing under the laws of Luxembourg. The Skype Parties deny that Skype Global has its principal place of business at 22/24 Boulevard Royal, 6e, étage, L-2449 Luxembourg. Skype Global consents to personal jurisdiction solely for the purpose of this lawsuit. The Skype Parties will not contest, for the purposes of this litigation, Plaintiff's allegation that Skype, Inc., Skype Communications, Skype Software and Skype Technologies are

each wholly-owned subsidiaries or otherwise affiliated with Skype Global. Except as expressly admitted, denied.

8. The Skype Parties admit that Microsoft acquired all of the issued and outstanding shares of Skype Global on or about October 13, 2011. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis deny them.

**JURISDICTION AND VENUE**

9. The Skype Parties admit that Via Vadis' action purports to arise under the Patent Laws of the United States. The Skype Parties admit that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a).

10. The Skype Parties consent to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

11. The Skype Parties deny the allegations in Paragraph 11.

12. The Skype Parties consent to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

13. The Skype Parties do not contest, solely for the purpose of this lawsuit, that venue is proper in this judicial district. Except as expressly admitted, denied.

**PATENTS-IN-SUIT**

14. The Skype Parties admit that U.S. Reissue Patent No. RE40,521 ("the '521 patent"), states on its face that it was issued on September 23, 2008 and that it is entitled "Data Access and Management System as well as a Method for Data Access and Data Management for a Computer System." The Skype Parties deny that the '521 patent was duly and legally issued.

The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

15. The Skype Parties admit that U.S. Patent No. 7,904,680 ("the '680 patent") states on its face that it was issued on March 8, 2011 and that it is entitled "Data Access and Management System as well as a Method for Data Access and Data Management for a Computer System." The Skype Parties deny that the '680 patent was duly and legally issued. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

16. The Skype Parties deny that Thomas Binzinger is the inventor (sole or otherwise) of any valid claim in the '521 or '680 patents. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny them.

17. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them.

18. The Skype Parties deny the allegations in Paragraph 18.

19. The Skype Parties deny the allegations in Paragraph 19.

20. The Skype Parties deny the allegations in Paragraph 20.

21. The Skype Parties deny the allegations in Paragraph 21.

22. The Skype Parties deny the allegations in Paragraph 22.

23. The Skype Parties deny the allegations in Paragraph 23.

**DEFENDANTS' ALLEGEDLY INFRINGING ACTS**

24. The Skype Parties admit that Skype, Inc. has provided users and manufacturers copies of various versions of software programs capable of supporting peer-to-peer voice over

internet protocol communications. The Skype Parties admit that various versions of these software programs are capable of being executed on certain desktop computers, laptop computers, mobile telephones, gaming systems, and televisions. Except as expressly admitted, denied.

a. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version each of Microsoft Windows 2000, Microsoft Windows XP, Microsoft Windows Vista, Microsoft Windows 7, and Windows Mobile 6. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

b. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version of Mac OS X for Intel processors and at least one version of Mac OS X for PowerPC processors. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

c. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version of Mac iOS for at least one version of the iPad, iPhone, and iPod Touch. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

d. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version each of Linux, Android, and Maemo. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

e. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version of Symbian S60.

f. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version of the Sony PlayStation Portable (PSP).

g. The Skype Parties admit that at least one version of these software programs is or was capable of executing on at least one version of telyHD.

h. The Skype Parties admit that at least one version of these software programs is or was capable of executing on SKYPE-ready Blue-ray players from Panasonic and Sony.

i. The Skype Parties admit that at least one version of these software programs is or was capable of executing on SKYPE-ready TVs from Panasonic, Samsung, Sony and LG.

25. The Skype Parties admit that it makes a software program that is sometimes referred to as a "Skype software client." The Skype Parties admit that this program can be used in relation to peer-to-peer communication including peer-to-peer VOIP services, making video calls, making voice calls, sending instant messages, and sharing files. Except as expressly admitted, denied.

26. Defendants object to the form of the allegations contained in paragraph 26 as vague, ambiguous, and prolix, and thus not constituting a short and plain statement of the claim or a simple, concise, and direct averment (as required by Federal Rules of Civil Procedure 8(a) and 8(e)) that is amenable to a traditional admission or denial pursuant to Federal Rule of Civil Procedure 8(b). The Skype Parties admit that an Amendment No. 3 to Form S-1 Registration

Statement was filed on or about April 13, 2011 with the Securities and Exchange Commission. The Skype Parties deny that Amendment No. 3 to Form S-1 Registration Statement was filed by or is attributable to SKYPE as that term has been defined in the Second Amended Complaint. The Skype Parties admit that the Second Amended Complaint appears to accurately reproduce portions of Amendment No. 3 to Form S-1 Registration Statement. Except as expressly admitted, denied.

27. The Skype Parties deny that they collectively made the cited statement(s). In addition, the Second Amended Complaint fails to disclose the source of the cited statement, and therefore, the Skype Parties lack knowledge or information sufficient to form a belief about whether the cited statement(s) were made, and on that basis deny them.

28. The Skype Parties deny the allegations in Paragraph 28.

29. The Skype Parties admit that Via Vadis Controlling GmbH filed a lawsuit in Dusseldorf, Germany, alleging infringement of EP 1 151 591 ("the EP '591 patent"). The Skype Parties admit that that AC Technologies S.A. and Via Vadis Controlling GmbH filed a motion based on alleged infringement of the EP '591 patent in Luxembourg with the Président du Tribunal d'arrondissement de et à Luxembourg. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

30. Defendants object to the form of the allegations contained in paragraph 30 as vague, ambiguous, and prolix, and thus not constituting a short and plain statement of the claim or a simple, concise, and direct averment (as required by Federal Rules of Civil Procedure 8(a) and 8(e)) that is amenable to a traditional admission or denial pursuant to Federal Rule of Civil Procedure 8(b). The Skype Parties admit that Via Vadis GmbH submitted a report in Germany

dated November 19, 2010. The Skype Parties admit that the Second Amended Complaint appears to accurately reproduce portions of that report. Except as expressly admitted, denied.

31. The Skype Parties admit that in Luxembourg, the Court President issued an Ordonnance. Except as expressly admitted, denied.

32. The Skype Parties deny that they have practiced or continue to practice the inventions claimed in the Asserted Patents. The Skype Parties admit that on February 11, 2011, representatives of Skype Software and the Via Vadis Claimants met. The contents of those discussions are subject to FRE 408, and therefore, the Skype Parties will not respond to the remaining allegations.

33. The Skype Parties admit that on May 10, 2011, Via Vadis filed a complaint in the Eastern District of Virginia alleging infringement of the Asserted Patents. The Skype Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

**COUNT I**
**(INFRINGEMENT OF U.S. REISSUE PATENT NO. RE40,521)**

34. The Skype Parties reallege their responses in the paragraphs above as though fully set forth in this paragraph.

35. The Skype Parties deny the allegations in Paragraph 35.

36. The Skype Parties deny the allegations in Paragraph 36.

37. The Skype Parties deny the allegations in Paragraph 37.

38. The Skype Parties deny the allegations in paragraph 38.

39. The Skype Parties deny the allegations in Paragraph 39.

40. The Skype Parties deny the allegations in Paragraph 40.

41. The Skype Parties deny the allegations in Paragraph 41.

42. The Skype Parties deny the allegations in Paragraph 42.

43. The Skype Parties deny the allegations in Paragraph 43.

44. The Skype Parties deny the allegations in Paragraph 44.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 7,904,680)

45. The Skype Parties reallege their responses in the paragraphs above as though fully set forth in this paragraph.

46. The Skype Parties deny the allegations in Paragraph 46.

47. The Skype Parties deny the allegations in Paragraph 47.

48. The Skype Parties deny the allegations in Paragraph 48.

49. The Skype Parties deny the allegations in Paragraph 49.

50. The Skype Parties deny the allegations in Paragraph 50.

51. The Skype Parties deny the allegations in Paragraph 51.

52. The Skype Parties deny the allegations in Paragraph 52.

53. The Skype Parties deny the allegations in Paragraph 53.

54. The Skype Parties deny the allegations in Paragraph 54.

55. The Skype Parties deny the allegations in Paragraph 55.

## PRAYER FOR RELIEF

56. The Skype Parties deny that Via Vadis is entitled to any of the requested relief from any of the Skype Parties, and specifically deny each allegation and request for relief in Paragraphs (a) through (m) of Via Vadis's Prayer for Relief.

**DEFENSES**

57. The Skype Parties without waiver, limitation, or prejudice, and expressly reserving the right to allege additional defenses as they become known through the course of discovery, hereby assert the following defenses

**FIRST DEFENSE**
**(Noninfringement)**

58. The Skype Parties have not infringed and are not infringing any valid claim of the '521 and '680 patents directly, contributorily, or by way of inducement, literally or under the doctrine of equivalents.

**SECOND DEFENSE**
**(Invalidity)**

59. The claims of the of the '521 and '680 patents are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 102, 103 and/or 112.

**THIRD DEFENSE**
**(Failure to State a Claim)**

60. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**
**(Standing)**

61. Plaintiff lacks standing to bring this suit.

**FIFTH DEFENSE**
**(Laches)**

62. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**SIXTH DEFENSE**
**(Estoppel)**

63. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, unclean hands, equitable estoppel, and/or prosecution history estoppel.

**SEVENTH DEFENSE**
**(Notice)**

64. To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '521 and '680 patents, the relief sought by Plaintiffs is barred by 35 U.S.C. § 287.

**DEMAND FOR RELIEF**

WHEREFORE, the Skype Parties demand:

A. That the Second Amended Complaint be dismissed with prejudice and that Via Vadis take nothing.

B. That the Court enter judgment in favor of the Skype Parties and against Via Vadis on all claims in Via Vadis' Second Amended Complaint;

C. That each of the Skype Parties be found not to have infringed the claims of the '521 patent;

D. That the '521 patent be declared to be invalid;

E. That each of the Skype Parties be found not to have infringed the claims of the '680 patent;

F. That the '680 patent be declared to be invalid;

G. That this case be declared an exceptional case;

H. That the Skype Parties be awarded their costs and attorneys' fees pursuant to 35 U.S.C. 285; and

I. That the Skype Parties be awarded such other relief as this Court deems proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs hereby demand a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Douglas E. Lumish
Parker C. Ankrum
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 95064

Michael B. Eisenberg
Stefan R. Stoyanov
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

March 23, 2012
5820626.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2012, upon the following in the manner indicated:

Daniel A. Griffith, Esquire *VIA ELECTRONIC MAIL*
WHITEFORD TAYLOR PRESTON LLC
1220- North Market Street
Suite 608
Wilmington, DE 19801
*Attorneys for Plaintiff*

Martin M. Zoltick, Esquire *VIA ELECTRONIC MAIL*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street NW
Suite 800
Washington, DC 20005
*Attorneys for Plaintiff*

Steven E. Tiller, Esquire *VIA ELECTRONIC MAIL*
Edward M. Buxbaum, Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Suite 1500
Baltimore, MD 21202-1636
*Attorneys for Plaintiff*

Robert J. Weltchek, Esquire *VIA ELECTRONIC MAIL*
WELTCHEK, MALLAHMA & WELTCHEK, LLC
2330 West Joppa Road
Suite 203
Lutherville, MD 21093
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)