IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIA VADIS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SKYPE, INC.; SKYPE COMMUNICATIONS SARL; SKYPE GLOBAL SARL; SKYPE SOFTWARE SARL; SKYPE TECHNOLOGIES, SA, and MICROSOFT CORP.,<br><br>Defendants. | ) | C.A. No. 11-507 (RGA) |

**MICROSOFT'S MOTION TO DISMISS VIA VADIS'S CLAIMS AGAINST IT**

Defendant Microsoft Corp. ("Microsoft") respectfully moves to dismiss the claims alleged against it in Via Vadis, LLC's ("Via Vadis") Second Amended Complaint.

## I. INTRODUCTION

In its Second Amended Complaint, Via Vadis fails to allege sufficient facts to support its assertion that Microsoft can be held liable for the alleged acts of patent infringement identified in the Second Amended Complaint. Instead, the sum total of Via Vadis's allegations related to Microsoft amount to allegations describing Microsoft and its location, that "Microsoft acquired all of the issued and outstanding shares of SkypeG," and that "on information and belief, each of the Skype Defendants has been consolidated into Microsoft's operations." Second Amended Complaint at ¶ 8. These allegations are nothing more than a bare statement that Microsoft obtained ownership of an alleged infringer *after* the events alleged in Via Vadis's original complaint of June 9, 2011. But ownership of shares of an alleged infringer is not an act of infringement and does not, on its own, impose liability on a parent corporation. Because Via Vadis pleaded only such ownership, and

nothing more, in its effort to add Microsoft to this action, the claims against Microsoft should be dismissed.

## II. ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (emphasis added). To meet this burden, a complaint must plead "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (emphasis added) (citing *Twombly*, 550 U.S. at 556). Further, this pleading standard must be met "in all civil actions and proceedings in the United States district courts." *Id.* at1953.

The following paragraph reproduces the entirety of Via Vadis's allegations against Microsoft:

> Defendant Microsoft is a corporation organized and existing under the laws of the State of Washington, USA. On information and belief, Microsoft has its principal place of business at One Microsoft Way, Redmond, Washington, and is doing business in this judicial district. On October 13, 2011, Microsoft acquired all of the issued and outstanding shares of SkypeG. On information and belief, SkypeG was consolidated into Microsoft’s operation starting on October 13, 2011. Accordingly, on information and belief, each of the Skype Defendants has been consolidated into Microsoft’s operations.

Second Amended Complaint at ¶ 8. In addition, Via Vadis's complaint expressly alleges that each of the Skype entities is either a corporation or limited liability company. *Id.* at ¶¶ 3-8. Accepting these facts as true, the Second Amended Complaint fails to allege any basis upon which Microsoft may be held liable for the pleaded conduct. Instead, the only fact alleged is stock ownership, which Via Vadis fails to link to any cognizable legal theory of liability.

As explained in *United States v. Bestfoods,* 524 U.S. 51 (1998):

> It is a general principle of corporate law deeply "ingrained in our economic and legal systems" that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries . . . . Thus it is hornbook law that "the exercise of the 'control' which stock ownership gives to the stockholders . . . will not create liability beyond the assets of the subsidiary."

524 U.S. at 61-62; *see also Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) ("mere ownership of a subsidiary does not justify the imposition of liability on the parent").

A number of district courts have applied the combination of *Bestfoods* and *Iqbal* to dismiss claims against parent corporations at the pleading stage. *See, e.g.*, *Rhodes v. Sutter Health*, 2012 U.S. Dist. LEXIS 25638 *15 (E.D. Cal. Feb. 27, 2012); *Parejas v. GE Capital Servs.*, 2011 U.S. Dist. LEXIS 71996 *5-6 (E.D.N.Y. July 5, 2011); *Black v. JP Morgan Chase & Co.*, 2011 U.S. Dist. LEXIS 103727 *103-04 (W.D. Pa. Aug. 10, 2011); *Boykin Anchor Co. v. AT&T Corp.*, 2011 U.S. Dist. LEXIS 40783 *10-11 (E.D.N.C. Apr. 14, 2011); *MM Ariz. Holdings LLC v. Bonnano*, 2008 U.S. Dist. LEXIS 101540 *7 (S.D.N.Y. Dec. 10, 2008). Indeed, one of the few decisions allowing claims to proceed past a motion to dismiss did so only because the plaintiff had "sufficiently alleged alter ego liability by asserting that the [parent] defendants exercised control over the [subsidiary] entities as a single entity and by alleging an element of fraud or injustice." *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462 (D. Del. 2010) (emphasis added). Here, Via Vadis makes no allegations that would support an alter ego theory or liability against Microsoft otherwise, and therefore, the claims against Microsoft should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court grant its Motion to Dismiss Via Vadis's claims against it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Douglas E. Lumish
Parker C. Ankrum
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 95064

Michael B. Eisenberg
Stefan R. Stoyanov
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

March 23, 2012
5820626.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2012, upon the following in the manner indicated:

Daniel A. Griffith, Esquire *VIA ELECTRONIC MAIL*
WHITEFORD TAYLOR PRESTON LLC
1220- North Market Street
Suite 608
Wilmington, DE 19801
*Attorneys for Plaintiff*

Martin M. Zoltick, Esquire *VIA ELECTRONIC MAIL*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street NW
Suite 800
Washington, DC 20005
*Attorneys for Plaintiff*

Steven E. Tiller, Esquire *VIA ELECTRONIC MAIL*
Edward M. Buxbaum, Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Suite 1500
Baltimore, MD 21202-1636
*Attorneys for Plaintiff*

Robert J. Weltchek, Esquire *VIA ELECTRONIC MAIL*
WELTCHEK, MALLAHMA & WELTCHEK, LLC
2330 West Joppa Road
Suite 203
Lutherville, MD 21093
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)