IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIA VADIS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SKYPE, INC.; SKYPE )<br>COMMUNICATIONS SARL; )<br>SKYPE GLOBAL SARL; SKYPE )<br>SOFTWARE SARL; )<br>SKYPE TECHNOLOGIES, SA, and )<br>MICROSOFT CORP. )<br>)<br>Defendants. )<br>) | Civil Action No.11-507-RGA |

## SCHEDULING ORDER

This 12th day of April, 2012, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 30, 2012.

3.  Discovery.

    a.  Default Standards. Each party agrees to comply with the provisions of the Default Standards for Discovery, Including Discovery of Electronically Stored Information ("ESI") (attached as Exhibit 1). The parties will continue their good faith negotiations of the terms of a Protective Order, which includes terms regarding access to source code. If the parties cannot agree on the terms of a Protective Order by the close of business on April 20, 2012, the Court's Default Standard for Access to Source Code (attached as Exhibit 2) will be adopted and entered.

    b.  Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before April 6, 2013.

    c.  Document Production. Document production shall be substantially complete by October 26, 2012.

    d.  Requests for Admission. A maximum of seventy-five (75) requests for admission are permitted for each side. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic, (ii) is a business record, or (iii) otherwise meets a condition for admissibility in evidence. ("Each side" means defendants collectively and plaintiff.)

    e.  Interrogatories. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

    f.  Depositions.

        i.  Limitation on Hours for Deposition Discovery. Each side is limited to a total of one hundred-fifty (150) hours of taking testimony of fact witnesses by deposition upon oral examination.

2

ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

h. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person or telephonic (at the Court's discretion) conference/argument regarding the dispute. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

3

on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.) This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before August 28, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than September 28, 2012. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with

citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed twenty (20) pages on October 26, 2012. The Defendants shall serve, but not file, their answering brief, not to exceed thirty (30) pages, on November 30, 2012. The Plaintiff shall serve, but not file, its reply brief, not to exceed twenty (20) pages, on December 28, 2012. The Defendants shall serve, but not file, their sur-reply brief, not to exceed ten (10) pages, on January 25, 2013.

No later than two days after the sur-reply brief was served, the parties shall file a Joint Claim Construction Brief and Joint Appendix. The parties shall copy and paste their briefed positions by claim term in sequential order, in substantially the form below. The parties shall include any exhibits submitted with the briefs in a Joint Appendix. The parties do not need to include general principles of claim construction in their briefs.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiffs Opening Position
        2. Defendant's Opening Position
        3. Plaintiffs Reply Position
        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiffs Opening Position

    2. Defendant's Opening Position
    3. Plaintiffs Reply Position
    4. Defendant's Sur-Reply Position

  9. <u>Hearing on Claim Construction</u>. Beginning at 8:30 a.m. on March 6, 2013, the Court will hear argument on claim construction. The parties should notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

  10. <u>Disclosure of Expert Testimony.</u>

    a. <u>Expert Reports.</u> For party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 21, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before July 19, 2013. Reply expert reports from the party with the initial burden of proof are due on or before August 9, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability deposition.

    b. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed by September 13, 2013. No

case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

11. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. Pretrial Conference. On January 3, 2014 the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed

7

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

15. <u>Trial</u>. This matter is scheduled for a two week jury trial beginning at 9:30 a.m. on January 27, 2014, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE