IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIA VADIS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-507 (RGA) |
| | ) |
| SKYPE, INC.; SKYPE COMMUNICATIONS | ) |
| SARL; SKYPE GLOBAL SARL; SKYPE | ) |
| SOFTWARE SARL; SKYPE | ) |
| TECHNOLOGIES, SA, and MICROSOFT | ) |
| CORP., | ) |
| | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS VIA VADIS'S CLAIMS AGAINST IT**

**I.    INTRODUCTION**

Under the pleading requirements elucidated by the Supreme Court in its recent keystone decisions, a "complaint must allege facts linking *each defendant* to the grounds on which that particular defendant is potentially liable." *See, e.g., Redondo Waste Sys. v. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)); *see also, Capitaliza-T Sociedad De Responsabilidad Limitada De Capital Variable v. Wachovia Bank of Del. N.A.*, 2011 U.S. Dist. LEXIS 146599 (D. Del. Dec. 20, 2011) ("A complaint sufficiently states a claim when it alleges facts about the conduct of *each* defendant giving rise to liability.").[1]  Via Vadis's Second Amended Complaint fails to meet this standard, and its allegations against Microsoft should be dismissed. As detailed in its Motion, the accusations against Microsoft are premised on its ownership of shares of Skype and on generic allegations made against all "Defendants" collectively with no specific description of any infringing acts by Microsoft specifically or of any non-Skype

---

[1]    All emphases herein are added unless otherwise identified.

Microsoft products that allegedly infringe. Because it is uncontested that merely owning shares of an alleged infringer does not impose liability on a parent corporation, Microsoft should be dismissed from this action.

In opposition, Via Vadis alleges two bases upon which it purportedly states a claim against Microsoft: (1) that Microsoft has publicly stated that Skype has been "consolidate[d] into" Microsoft; and (2) that its complaint defined the term "Defendants" to include Microsoft and alleged acts of infringement against all of the "Defendants" including Microsoft. As to the first allegation, because Microsoft and each of the Skype entities remain separate corporate entities, the use of the term "consolidated" in a financial statement is insufficient to support a claim of patent infringement against Microsoft. As to the second allegation, the complaint's vague and undifferentiated allegations against the six named defendants collectively does not sufficiently state a claim for relief against Microsoft.

## I.    ARGUMENT

Via Vadis argues that "[t]he Second Amended Complaint includes numerous allegations of direct and indirect infringement of Via Vadis' patents <u>on the part of Microsoft</u>." Opposition at 2. Despite two full pages of quotations, the only relevant facts alleged <u>against Microsoft</u> are that "Microsoft acquired all of the issued and outstanding shares of . . . [Skype Global SARL and that] on information and belief, *each of the Skype Defendants has been consolidated into Microsoft's operations* . . . ." *Id.* (quoting complaint) (emphasis added by Via Vadis). All of the remaining allegations are made against "Defendants," a defined term that includes "*Microsoft, along with the other Skype Defendants*." *Id.* at 3 (emphasis in original).

Via Vadis's opposition, therefore, raises two issues: (1) whether pleading "consolidation" is sufficient to state a claim for relief against a parent company for the acts of its subsidiaries; and

2

(2) whether pleading facts against a group of defendants collectively meets the Rule 8 pleading standard. As to both, the answer is no.

### A. Via Vadis's "Consolidated" Allegation Fails to Meet the Rule 8 Pleading Standard

As pointed out in Microsoft's motion, Via Vadis "expressly alleges that each of the Skype entities is either a corporation or limited liability company." Motion to Dismiss at 2 (citing Second Amended Complaint at ¶¶ 3-8). In other words, Via Vadis itself concedes that each of the six defendants is a separate legal entity.[2] Absent more (*e.g.*, alter ego-based vicarious liability), such separate legal entities are not responsible for the conduct of the others. *United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001). This is not in dispute. Indeed, Via Vadis's opposition disclaims alter ego liability. Opposition at 1 ("Mere alter ego liability, however, is not the basis of Via Vadis' claims.").

Despite this express disclaimer, Via Vadis's opposition asserts that "the Skype Defendants have been consolidated into Microsoft's operations" and that "the Skype Defendants are now part of a 'new business division within Microsoft' while Skype's management team is now part of Microsoft's management team." Opposition at 4-5. Even accepting these facts as true, Via Vadis fails to cite any legal basis to overcome the "general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *Bestfoods*, 524 U.S. at 61. Indeed, Via Vadis's unstated and unsupported argument is

---

[2] For the avoidance of doubt, Microsoft has included a declaration from Ben Orndorff – an Assistant Secretary of Microsoft Corporation – attesting to the fact that each of the Skype entities remains a corporation or limited liability company.

3

that referring to a corporation as consolidated or as a division somehow waives the protections afforded by incorporation.[3]

### B. Via Vadis's General Allegations Against "Defendants" Fails to Meet the Rule 8 Pleading Standard

Via Vadis also urges that its grouped allegations against "Defendants" are sufficient to overcome the motion to dismiss. Those general allegations (many of which are substantially identical to allegations made by Via Vadis prior to the Microsoft purchase (*see*, *e.g.*, Original Complaint at ¶¶ 15, 22-23, First Amended Complaint at ¶¶ 15-16, 23-30)), however, provide no notice regarding which specific acts of infringement Microsoft purportedly performed. A valid complaint must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to do so, the "complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable." *Redondo Waste Sys.,* 659 F.3d at 140 (citing *Ashcroft v. Iqbal*, 556 U.S. 662); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *see also, Capitaliza-T* , 2011 U.S. Dist. LEXIS 146599 (D. Del. Dec. 20, 2011) ("A complaint sufficiently states a claim when it alleges facts about the conduct of each defendant giving rise to liability."), *Gadling-Cole v. W. Chester Univ.*, 2012 U.S. Dist. LEXIS 45710 (E.D. Pa. Mar. 29, 2012) ("In order to give defendant fair notice, and to permit early

---

[3] Via Vadis also refers to an alleged management overlap between Microsoft and Skype. Opposition at 5. Such overlap, however, is not a basis for liability. *Bestfoods*, 524 U.S. at 62 (noting that it is hornbook law that "a duplication of some or all of the directors or executive officers" is not a basis for alter ego liability).

dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability.").

In fact, to hold otherwise would have permitted the plaintiff in *Iqbal* to circumvent the pleading requirements of Rule 8 by simply alleging the acts of the defendants collectively. In *Iqbal* the plaintiff filed suit against defendants that "range[d] from the correctional officers who had day-to-day contact with respondent during the term of his confinement, to the wardens of the MDC facility, all the way to petitioners—officials who were at the highest level of the federal law enforcement hierarchy." *Iqbal,* 129 S. Ct. at 1943. As the Court noted, "Respondent's account of his prison ordeal alleges serious official misconduct." *Id.* at 1952. Rather than review those allegations against the defendants collectively, however, the Court properly considered how those allegations related to the defendants individually. *Id.* ("[R]espondent alleges that various other defendants, who are not before us, may have labeled him a person of 'of high interest' for impermissible reasons, his only factual allegation against petitioners accuses them of adopting a policy approving 'restrictive conditions of confinement' for post-September-11 detainees until they were 'cleared' by the FBI.'"). Following this precedent, the Third Circuit has required a plaintiff to plead "personal involvement by each defendant." *Brito v. United States DOJ*, 392 Fed. Appx. 11, 14 (3d Cir. 2010) (not published), *see also*, *Johnson v. Morgan*, 2012 U.S. Dist. LEXIS 45342 (D. Del. Mar. 30, 2012); *Biggins v. Danberg*, 2012 U.S. Dist. LEXIS 1458 (D. Del. Jan. 5, 2012). Therefore, Via Vadis's general and undifferentiated allegations against "Defendants" are insufficient to state a claim for relief against Microsoft.

5

### C. Via Vadis's Citation to Forward-Looking Statements by Microsoft Does Not Cure its Defective Pleadings

In addition to its allegations against the "Defendants" as a group, Via Vadis also cites a Microsoft press release that purportedly "makes clear that the Accused Systems, Methods, Products and/or Services will be used to support Microsoft devices like Xbox and Kinect, Windows Phone and other Windows devices and that Microsoft 'will connect Skype users with Lync, outlook, Xbox Live and other communities.'" Opposition at 5. The cited press release, which is at best irrelevant information from outside the pleadings,[4] provides forward-looking statements rather than facts regarding actual conduct, and therefore, cannot state a claim for patent infringement. *See* 35 U.S.C. § 271(a) (defining acts of direct patent infringement as making, using, offering to selling, selling, or importing). To put a finer point on it, to the extent that Via Vadis has a legitimate basis to allege past or present acts of infringement by Microsoft, it should amend its pleadings to provide fair notice.

### D. Via Vadis's Demand for Discovery was Improper

Finally, Via Vadis's opposition asserts in a footnote that: "Microsoft's counsel was unwilling (or unable) to provide any information regarding the nature of Microsoft's relationship with the Skype Defendants, whether the Skype Defendants were indeed part of a 'new division' within Microsoft, or whether the Skype Defendants are simply a wholly owned subsidiary of Microsoft." Opposition at 5 n.3. As discussed above, Via Vadis's admission regarding the corporate structure of the defendants is sufficient to negate any claim for vicarious liability. Counsel for Microsoft explained this fact to counsel for Via Vadis, and explained that no further information was necessary

---

[4] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)

6

to entitle Microsoft to the relief sought in its motion. The incomplete description of the conversation between counsel is an irrelevant diversion.

As to the information "requested" by Via Vadis, that request was nothing more than an improper and premature demand for discovery from Microsoft. In effect, Via Vadis sought to shift the burden at the pleading stage to Microsoft to establish through documentation that it was entitled to the relief it seeks in its motion. But that reverses the process imposed by the pleading requirements of the Federal Rules.. As explained by the Supreme Court in *Iqbal*, "[b]ecause respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." 129 S. Ct. at 1954.

### III. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court grant its Motion to Dismiss Via Vadis's claims against it.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jack B. Blumenfeld* |
| OF COUNSEL:<br><br>Douglas E. Lumish<br>Parker C. Ankrum<br>KASOWITZ, BENSON, TORRES<br>  & FRIEDMAN LLP<br>333 Twin Dolphin Drive<br>Suite 200<br>Redwood Shores, CA 95064<br><br>Michael B. Eisenberg<br>Stefan R. Stoyanov<br>KASOWITZ, BENSON, TORRES<br>  & FRIEDMAN LLP<br>1633 Broadway<br>New York, NY 10019<br><br>April 19, 2012 | Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 19, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Daniel A. Griffith, Esquire<br>WHITEFORD TAYLOR PRESTON LLC<br>1220- North Market Street<br>Suite 608<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Martin M. Zoltick, Esquire<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>1425 K Street NW<br>Suite 800<br>Washington, DC  20005<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Steven E. Tiller, Esquire<br>Edward M. Buxbaum, Esquire<br>WHITEFORD, TAYLOR & PRESTON, LLP<br>Seven Saint Paul Street<br>Suite 1500<br>Baltimore, MD  21202-1636<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Robert J. Weltchek, Esquire<br>WELTCHEK, MALLAHMA & WELTCHEK, LLC<br>2330 West Joppa Road<br>Suite 203<br>Lutherville, MD  21093<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)