IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIA VADIS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-507-RGA |
| | : | |
| SKYPE, INC., et al, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Before the Court is a motion by Microsoft to dismiss the Second Amended Complaint for failure to state a claim. (D.I. 41).

The Plaintiff's complaint is detailed in its allegations of direct and indirect patent infringement by the SKYPE peer-to-peer voice over internet protocol communications systems, methods, products and services. The one exception to the detail is its theory of why Microsoft should be a defendant. Its most salient allegation is that, "On October 13, 2011, Microsoft acquired all of the issued and outstanding shares of [Skype, and that Skype] was consolidated into Microsoft's operation starting on [that date]." (D.I. 38, ¶ 8). Other than that, there is no substantive reference to Microsoft in the complaint. Rather, the five Skype defendants and Microsoft are referred to as the "defendants" throughout the complaint. This manner of pleading, while saving space, also results in factual allegations against Microsoft for actions that occurred before October 13, 2011, which seem implausible. (*See* ¶¶ 29, 38, 49). The complaint alleges the continued corporate/LLC existence of the Skype defendants. Thus, the somewhat ambiguous reference to consolidation of operations is undercut by the Plaintiff's own allegations.

Only minimal allegations are required to satisfy Form 18 and to state a claim of direct infringement against Microsoft. *See In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, ____, 2012 WL 2044605, *7 (Fed. Cir. June 7, 2012) ("whether [a complaint] adequately pleads direct infringement is to be measured by the specificity required by Form 18.").[1]  There is sufficient ambiguity in the complaint about Microsoft's responsibility for the alleged Skype infringement that I will grant the motion to dismiss the claims of direct infringement.

The allegations against Microsoft are thus also insufficient to state a claim for indirect infringement. *See generally id.*

Thus, IT IS HEREBY ORDERED this 6th day of July 2012, that:

1. The Defendant Microsoft's Motion to Dismiss (D.I. 41) is **GRANTED.**  All claims against Microsoft are **DISMISSED WITHOUT PREJUDICE.**

2. The Court's scheduling order provided that all amendments to the pleadings were to be filed by June 30, 2012. (D.I. 48, ¶ 2). Briefing on the instant motion was finished about 2 ½ months ago, and thus the Court will grant Plaintiff **LEAVE TO AMEND** for the limited purpose of adding Microsoft as a defendant until August 31, 2012. The Court allows that longer-than-usual amount of time so that there is time for discovery for Plaintiff to determine whether it has a factual basis to name Microsoft as a defendant.

*Richard G. Andrews*
United States District Judge

---

[1] The Federal Circuit further comments, "It will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly....*" *Id.* at ___, 2012 WL 2044605, at *7 n.6.  Given the citations that follow in the footnote, I do not believe this is meant to be some sort of limitation on the holding in the text.