IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIA VADIS CONTROLLING GMBH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SKYPE, INC.; SKYPE COMMUNICATIONS ) <br> SARL; SKYPE GLOBAL SARL; SKYPE ) <br> SOFTWARE SARL; and SKYPE ) <br> TECHNOLOGIES, SA, ) <br> ) <br> Defendants. ) | C.A. No. 11-507 (RGA) |

## SKYPE DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF THEIR MOTION TO STRIKE VIA VADIS'S
## <u>UNTIMELY DISCLOSED PROPOSED CLAIM CONSTRUCTIONS</u>

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP <br> Jack B. Blumenfeld (#1014) <br> Rodger D. Smith II (#3778) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> rsmith@mnat.com |
| OF COUNSEL: |  |
| Douglas E. Lumish <br> Parker C. Ankrum <br> KASOWITZ, BENSON, TORRES <br>  & FRIEDMAN LLP <br> 333  Twin Dolphin Drive, Suite 200 <br> Redwood Shores, CA 95064 <br> (650) 453-5170 | *Attorneys for Defendants* |
| Michael B. Eisenberg <br> Stefan R. Stoyanov <br> KASOWITZ, BENSON, TORRES <br>  & FRIEDMAN LLP <br> 1633 Broadway <br> New York, NY 10019 <br> (212) 506-1700 |  |

November 20, 2012

## **TABLE OF CONTENTS**

    Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ...................................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................................ 2

III.   ARGUMENT ............................................................................................................. 4

         A.     Legal Standard ............................................................................................... 4

         B.     Via Vadis Knowingly, Intentionally, and Repeatedly Violated the Court's Scheduling Order ......................................................................................... 5

         C.     Via Vadis's Knowing, Intentional, and Repeated Violations of the Court's Scheduling Order Merit Sanctions ................................................................ 8

         D.     The Sanctions Should Include Striking Via Vadis's Untimely Claim Constructions ................................................................................................ 8

IV.   CONCLUSION ........................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.)*,
   460 F.3d 1217 (9th Cir. 2006) ...................................................................................................9

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (U.S. 2006) .......................................................................................................10

*Jones v. Thompson*,
   996 F.2d 261 (10th Cir. 1993) ................................................................................................10

*Koplove v. Ford Motor Co.*,
   795 F.2d 15 (3d Cir. 1986) .......................................................................................................5

*Media Duplication Services, Ltd. v. HDG Software, Inc.*,
   928 F.2d 1228 (1st Cir. 1991) .................................................................................................10

*Mindek v. Rigatti*,
   964 F.2d 1369 (3d Cir. 1992) ................................................................................................5, 9

*Newton v. A.C. & S., Inc.*,
   918 F.2d 1121 (3d Cir. 1990) ...................................................................................................4

*Poulis v. State Farm Fire & Casualty Co.*,
   747 F.2d 863 (3d Cir. 1984) .....................................................................................................8

*Robertson v. Horton Bros. Recovery, Inc.*,
   No. 02-1656, 2006 U.S. Dist. LEXIS 73969 (D. Del. Oct. 10, 2006) .....................................5

*Tracinda Corp. v. DaimlerChrysler AG*,
   502 F.3d 212 (3d Cir. 2007) .................................................................................................5, 8

*United States v. 68.94 Acres of Land*,
   918 F.2d 389 (3d Cir. 1990) .....................................................................................................8

**STATUTES**

35 U.S.C. § 112, ¶ 6 ...................................................................................................................6, 7

**OTHER AUTHORITIES**

3-16 Moore's Federal Practice - Civil § 16.15 ...............................................................................5

Fed. R. Civ. P. 16 .......................................................................................................................4, 5

Fed. R. Civ. P. 16(b) ......................................................................................................................4

Fed. R. Civ. P. 16(f) .................................................................................................5, 8, 9

Fed. R. Civ. P.  37 ...............................................................................................................8

Defendants Skype, Inc., Skype Communications SARL; Skype Global SARL; Skype Software SARL; and Skype Technologies, SA (collectively referred to as "Skype") move to strike Plaintiff Via Vadis, LLC's ("Via Vadis") untimely disclosed proposed claim constructions pursuant to Fed. R. Civ. P. 16(f).

**I.      INTRODUCTION**

On April 12, 2012, the Court entered a Scheduling Order setting case deadlines, including the "Claim Construction Issue Identification" deadlines set forth in Paragraph 7. The purpose behind this disclosure is to avoid to require litigants to identify in advance the material claim constructions in dispute, and to provide notice and an opportunity for litigants to meet and confer in advance in an effort to narrow the number of disputes to be resolved by the Court. This paradigm only works, however, if both parties follow the rules.

Skype fulfilled its obligations, and identified its proposed terms and constructions as ordered on August 28, 2012. Via Vadis, however, ignored the Court's Order and neither identified nor proposed a construction for even a single claim term by the deadline. (Tellingly, Via Vadis failed to provide constructions even for the asserted means-plus-function claim elements, which require construction as a matter of law.) Via Vadis continued to ignore the Court's Order, and refused to identify any terms or constructions after Skype objected over two months ago to Via Vadis's failure to engage in the Court-ordered claim construction procedure. Skype's objections were met by silence on Via Vadis's part. And the same is true for the parties' telephonic meet and confer concerning the preparation of the Joint Claim Construction Statement–Via Vadis steadfastly maintained its position that no terms required construction by the Court, and refused to propose a single construction. Via Vadis's gamesmanship continued until the last possible moment when, on October 26, 2012, it served its opening claim

construction brief and, for the first time, proposed constructions for <u>every</u> claim term identified by Skype.

Via Vadis decided that the Court's Scheduling Order applied unilaterally to Skype and not to it. If left unchecked, Via Vadis's tactics would gain unfair advantage from violating the Court's Order after Skype complied with it, and serve as an invitation for future litigants to do the same. Consequently, to address Via Vadis's deliberate violation of the Court's Order, and to protect the integrity of the process, Skype respectfully asks the Court to strike Via Vadis's untimely claim construction proposals.

## II.   STATEMENT OF FACTS

On June 9, 2011, Via Vadis filed a Complaint alleging that Skype's software infringes U.S. Patent Nos. RE40,521 and 7,904,680.[1]. D.I. 1. On April 12, 2012, the Court entered a Scheduling Order requiring the parties to "exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)." D.I. 48 at ¶ 7. On August 28, 2012, Skype made the required disclosures identifying 19 terms from the two asserted patents. *See* Skype's Identification of Proposed Claim Terms and Proposed Claim Constructions (Exh. A). Via Vadis, in contrast, sent a three-sentence letter stating that none of the terms or phrases of either patent required construction by the Court. Via Vadis also unilaterally reserved the right to "propose constructions for any claim terms/phrases in response to Defendants' proposed constructions and for any claim terms/phrases that the Court finds require construction." *See* Plaintiff's Identification of Terms/Phrases Requiring Construction by the Court (Exh. B).

---

[1]   On October 16, 2012, after Skype provided its invalidity contentions and identified its list of proposed claim terms and proposed constructions for both patents-in-suit, Via Vadis filed an unopposed motion to dismiss the '680 patent from the case. D.I. 84. On October 17, 2012, the Court granted Via Vadis's motion and dismissed the '680 patent.

Recognizing that Via Vadis had failed to identify even means-plus-function claim terms for construction, Skype sent an email on September 4, 2012 objecting to Via Vadis's lack of disclosure, and noting that should "Via Vadis seek[ ] to adopt claim constructions other than plain and ordinary meaning, Skype . . . will object to any such changes in position and will seek to strike any briefing submitted by Via Vadis that proposes alternative constructions." Ankrum Email dated Sept. 4, 2012 (Exh. C). Via Vadis did not respond to this correspondence and made no effort to remedy or explain its deficient disclosures, *i.e.*, to exercise its purported right to propose constructions.

On September 25, 2012, the parties met and conferred by telephone in preparation for the joint claim construction statement. Eisenberg Decl. ¶ 2. The entire call lasted approximately 10 minutes, during which counsel for Via Vadis failed to present a single construction or offer to compromise or adopt Skype's proposed constructions. *Id.* Indeed, the only substantive statement made by counsel for Via Vadis was the agreement to drop the '680 patent from the case. Eisenberg Decl. ¶ 3.

Next, in preparation for the submission of the Joint Claim Construction Statement, the parties began corresponding by email on or about September 27, 2012. According to the Scheduling Order, the Joint Claim Construction Statement was to "identify for the Court the term(s)/phrase(s) in issue, and . . . each party's proposed construction of the disputed claim language." D.I. 48 at ¶ 7. Via Vadis again failed to propose any constructions, to which Skype again objected. D.I. 82 at 2 n.3. And again, Via Vadis ignored Skype's objection.

A full two months after the Court-ordered claim construction procedure began, Via Vadis served its Opening Brief on October 26, 2012, identifying for the first time "alternative" constructions for each and every disputed claim term (11 total) and identifying

3

functions and alleged corresponding structure for every means-plus-function claim term (4 total). *See* Via Vadis, LLC's Opening Brief on Claim Construction (Exh. D). Skype objected and demanded that the "newly provided constructions from Via Vadis should be withdrawn" as "unfair, highly prejudicial, and in clear violation of the spirit of the disclosure exchange provided by this Court." Ankrum Email dated Oct. 29, 2012 (Exh. E).

On October 30, 2012, Via Vadis notified Skype of its refusal to withdraw its untimely disclosure. According to Via Vadis, its "position on claim construction, which <u>has been disclosed in accordance with the Court's Scheduling Order</u>, has been consistent throughout the entire process."[2] Zoltick Email dated Oct. 30, 2012 (Exh. F).

### III. ARGUMENT

#### A. Legal Standard

Scheduling orders are an essential feature of substantially all Federal Court litigation. *See* Fed. R. Civ. P. 16(b); *see also* Fed. R. Civ. P. 16 advisory committee's notes of 1983 ("The most significant change in Rule 16 is the mandatory scheduling order described in Rule 16(b)."). The reasons for requiring a scheduling order include "to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material." Fed. R. Civ. P. 16 advisory committee's notes of 1983; *see also Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) ("The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases."). As the Third Circuit has explained, "Rule 16 recognizes [that] scheduling orders are <u>at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired</u>." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986).

---

[2] All emphasis herein is added unless otherwise stated.

4

Indeed, the importance of adhering to scheduling orders was deemed so important that the Federal Rules expressly empowered courts to sanction violations (*see* Fed. R. Civ. P. 16(f)) in addition to the "inherent powers" otherwise available (*see* 3-16 Moore's Federal Practice - Civil § 16.15). And mandated "monetary sanctions for noncompliance with Rule 16 pretrial orders . . . absent a showing that the violation was 'substantially justified' or the award of expenses is 'unjust' under the circumstances of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007). Other available sanctions include "striking pleadings" and "disallowing support [for contentions]." *Robertson v. Horton Bros. Recovery, Inc.*, No. 02-1656, 2006 U.S. Dist. LEXIS 73969 *6 (D. Del. Oct. 10, 2006). In other words, monetary sanctions were deemed the floor, and sanctions including the ultimate sanction of dismissal with prejudice are within a district court's discretion. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

### B. Via Vadis Knowingly, Intentionally, and Repeatedly Violated the Court's Scheduling Order

Via Vadis's disclosure for the first time of proposed constructions in its Opening Claim Construction Brief violated the express terms of the Court's Scheduling Order. *See* D.I. 48 at ¶ 7. The Scheduling Order set forth a requirement that "[o]n or before August 28, 2012, the <u>parties shall exchange</u> a list of those claim term(s)/phrase(s) <u>that they believe need construction</u> and their proposed claim construction for those term(s)/phrase(s)." *Id.* Instead, the <u>entirety</u> of Via Vadis's disclosure comprised:

> Plaintiff, Via Vadis, LLC ("Via Vadis"), by its undersigned counsel, pursuant to the Court's Scheduling Order entered April 12, 2012, hereby submits its identification of claim terms/phrases requiring construction by the Court. In this regard, Via Vadis does not believe that any of the claim terms/phrases of either of the patents at issue in this matter require construction by the Court. Via Vadis nonetheless reserves the right to propose constructions for any claim terms/phrases in response to

5

> Defendants' proposed constructions and for any claim terms/phrases that the Court finds require construction.

(Exh. B). Although Via Vadis will likely argue that it did not "believe" that any term "need[ed] construction," such an argument cannot be reconciled with Via Vadis's assertion of claims including means-plus-function terms. Under the express language of the Patent Act, "[a]n element in a claim for a combination may be expressed as a means or step for performing a specific function . . . and such claim <u>shall be construed</u> to cover the corresponding structure, materials, or acts described in the specification and equivalents thereof." 35 U.S.C. § 112, ¶ 6. In other words, providing constructions to identify the function and corresponding structure for means-plus-function terms is mandatory, not optional.

After being informed by Skype that its inadequate disclosure violated the Scheduling Order (Ankrum Email dated Sept. 4, 2012 (Exh. C)), Via Vadis remained silent rather than explaining or attempting to cure its inadequate disclosure. This silence, despite Skype's warning that it would seek to strike any later attempt to adopt constructions, is evidence of bad faith.

Via Vadis's conduct during the September 25, 2012 telephonic meet and confer directed to claim construction also shows its refusal to meaningfully engage in the claim construction process. Skype requested the conference in hopes of narrowing the number of disputes requiring resolution by the Court. Despite having Skype's proposed terms and constructions in hand, however, Via Vadis persisted in its refusal to identify a single proposed claim term for discussion even in response to Skype's proposed constructions, and instead maintained its "plain meaning" positions.

Via Vadis's contribution to the Joint Claim Construction Statement was similarly inadequate. According to the Scheduling Order, the Joint Statement was to "<u>include each party's</u>

6

<u>proposed construction</u> for the disputed claim language." D.I. 48 at ¶ 7. In direct violation of the Scheduling Order, Via Vadis failed to provide a single proposed construction for the disputed claim language, again, even in response to Skype's proposed constructions. D.I. 82. Indeed, even as to the means-plus-function claim terms, Via Vadis refused to state its position, instead providing the intentionally meaningless statement "Plain and Ordinary Meaning to be construed in accordance with 35 U.S.C. §112, para. 6." *Id.*

> This time, Skype noted its objection directly in the joint submission:
>
> In its August 28, 2012 identification of claim terms and proposed construction, Via Vadis made no disclosures to Skype and stated only that it did "not believe that any of the claim terms/phrases of either of the patents at issue require construction by the Court." See Exhibit J. In an email dated September 4, 2012, Skype sought clarification that Via Vadis would not seek to provide any claim constructions. See Exhibit K. Here, however, for the first time, Via Vadis states that it is seeking to have a number of claim terms "construed in accordance with 35 U.S.C. §112, para. 6." This disclosure is untimely and prejudicial and, for that reason, Skype objects to all of Via Vadis's proposed constructions that include this language.

D.I. 82 at 2 n.3. Despite this second formal objection to its inadequate disclosures, Via Vadis still failed to provide a response.

Finally, just as Skype foresaw when reviewing Via Vadis's August 28, 2012 claim term disclosure, Via Vadis waited until the last possible moment to unveil its claim construction positions in its October 26, 2012 Opening Claim Construction Brief. In effect, Via Vadis gave itself (over Skype's repeated objections) a full two-month extension to consider and respond to Skype's claim construction positions, and the benefit of unfair surprise by concealing its proposed constructions until all of the pre-briefing proceedings had been completed. This conduct cannot be reconciled with any fair or reasonable interpretation of the Court's Scheduling Order.

7

### C. Via Vadis's Knowing, Intentional, and Repeated Violations of the Court's Scheduling Order Merit Sanctions

In view of Via Vadis's violation of the express terms of the Scheduling Order, the law is clear that sanctions should be granted. *See* Fed. R. Civ. P. 16(f) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."). Indeed, once a violation is established, <u>the burden shifts to the responsible party to establish that sanctions should not be granted</u>. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007). Via Vadis's repeated failure to respond to Skype's objections suggests that its actions were not justified and that the award of expenses would be just.

### D. The Sanctions Should Include Striking Via Vadis's Untimely Claim Constructions

As contemplated by the Federal Rules, violations of a Scheduling Order should result, at a minimum, in the imposition of attorneys' fees and expenses. Fed. R. Civ. P. 16(f). Monetary sanctions, however, represent the floor not the ceiling. *Id.* ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees."). In addition, courts have referred to the list of available sanctions under Rule 37 as also being available under Rule 16(f). *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990). Even the "'extreme' sanction of dismissal" is within a district court's discretionary sanctions for violation of a scheduling order. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (identifying six-factors to be balanced before granting dismissal).

8

Here, at a minimum, Via Vadis should be forced to live with its position that no construction of any term is needed, and its untimely proposed constructions should not be considered by the Court.  This is true for several reasons.  <u>First</u>, the intentional, willful, and repeated nature of Via Vadis's conduct merits meaningful consequences.  Via Vadis's failure to proffer even a single claim construction at the required deadline was clearly a tactical gambit.  The fact that Via Vadis failed to offer constructions for means-plus-function limitations (which require construction as a matter of law) confirms the intentional nature of its conduct.  Moreover, Via Vadis's failure even to respond to Skype's repeated objections further establishes that its behavior was willful.  Indeed, Via Vadis made no effort to explain or cure its misconduct, but instead waited until the <u>last possible day</u> to obtain the greatest advantage possible.

<u>Second</u>, merely assessing the minimum sanction available under Rule 16(f) – monetary sanctions – would permit Via Vadis to purchase the very tactical advantage it plotted to gain.  Via Vadis did not risk sanctions by violating the Scheduling Order merely to increase the burden of Skype's defense.  Instead, its repeated actions over Skype's warnings and objections represented a calculated plan to harm Skype's ability to prepare its defense.

<u>Third</u>, the Court should consider the deterrent effect of its choice of sanction.  *Mindek v. Rigatti,* 964 F.2d 1369, 1374 (3d Cir. 1992) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, <u>but to deter those who might be tempted to such conduct in the absence of such a deterrent</u>."); *see also Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1227 (9th Cir. 2006); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993); *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1242 (1st Cir. 1991).

Permitting Via Vadis to unilaterally ignore the Court-ordered claim construction procedure could only incentivize others to follow suit.

<u>Finally</u>, the difficulty in assessing the incremental expenses and fees resulting from Via Vadis's misconduct supports the grant of an alternative remedy. The situation here is analogous to the selection between injunctive relief and damages, where the inability to quantify the monetary damages suffered favors the alternative injunctive remedy. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 392 (2006). In particular, Via Vadis's failure to properly participate in the claim construction process cannot easily be linked to any specific expenses and fees, but instead rendered the entire process more difficult and costly, as well as unfair to Skype. Skype was forced to proceed in the dark for the past two months as Via Vadis strategically hid its claim construction positions. Skype was forced to spend time guessing and preparing responses to potential claim construction positions in order to leave sufficient time to draft its responsive claim construction brief by the November 30 deadline. And Skype was deprived of the opportunity to negotiate in good faith with Via Vadis in the hopes of reaching compromises on the disputed terms, or to refine its proposed constructions to address any legitimate objections Via Vadis may have raised or to refine the disputes for the Court. In addition, Skype searched for prior art and researched infringement issues to address alternative constructions that Via Vadis could have pursued, much of which is now irrelevant. Any attempt to quantify the wasted effort would be equally wasted.

In sum, Via Vadis made a calculated decision to ignore the Court's Scheduling Order. That decision prejudices Skype in a number of ways and, if not remedied, benefits Via Vadis unfairly.

## IV. CONCLUSION

For the foregoing reasons, Skype respectfully requests that the Court grant its Motion to Strike Via Vadis's Untimely Disclosed Claim Constructions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Douglas E. Lumish
Parker C. Ankrum
Chao "Wendy" Wang
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 95064
(650) 453-5170

Michael B. Eisenberg
Stefan R. Stoyanov
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

November 20, 2012
6726041

11

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 20, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Daniel A. Griffith, Esquire<br>WHITEFORD TAYLOR PRESTON LLC<br>The Renaissance Centre<br>405 North King Street, Suite 500<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Martin M. Zoltick, Esquire<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>607 14th Street, NW, Suite 800<br>Washington, DC 20005<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Edward M. Buxbaum, Esquire<br>Steven E. Tiller, Esquire<br>WHITEFORD, TAYLOR & PRESTON, LLP<br>Seven Saint Paul Street, Suite 1500<br>Baltimore, MD 21202-1636<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Robert J. Weltchek, Esquire<br>WELTCHEK, MALLAHMA & WELTCHEK, LLC<br>2330 West Joppa Road, Suite 203<br>Lutherville, MD 21093<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)