IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

VIA VADIS, LLC,               )
                                  )
      Plaintiff,            )
                                  )     Civil Action No.11-507-RGA
v.                          )
                                  )
SKYPE, INC.; SKYPE       )     **JURY TRIAL DEMANDED**
COMMUNICATIONS SARL;    )
SKYPE GLOBAL SARL; SKYPE  )
SOFTWARE SARL;        )
AND SKYPE TECHNOLOGIES, SA., )
                                  )
                                  )
      Defendants.      )
_____)

### *VIA VADIS' OPPOSITION TO SKYPE'S MOTION TO STRIKE PROPOSED CLAIM CONSTRUCTIONS*

Daniel A. Griffith (DE# 4209)
Whiteford, Taylor & Preston, LLC
405 North King Street
Wilmington, Delaware 19801
(302) 353-4144
dgriffith@wtplaw.com

Edward M. Buxbaum (*admitted pro hac*)
Steven E. Tiller (*admitted pro hac*)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
ebuxbaum@wtplaw.com
stiller@wtplaw.com

Martin M. Zoltick (*admitted pro hac*)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
607 14th Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040
mzoltick@rothwellfigg.com

Robert J. Weltchek (*admitted pro hac*)
WELTCHEK MALLAHAN & WELTCHEK, LLC
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
410-825-5287
rweltcheck@wmwlawfirm.com

***Attorneys for Plaintiff***

## *TABLE OF CONTENTS*

Page

| | | |
|---|---|---|
| *I.* | *INTRODUCTION*.............................................................................. | **1** |
| *II.* | *ARGUMENT*....................................................................................... | **1** |
| | *A.* | *Via Vadis met its obligations under the Scheduling Order*................................................................................. | **1** |
| | *B.* | *The Requested Relief is Untenable under the Existing Circumstances*..................................................................... | **4** |
| *III.* | *CONCLUSION*.................................................................................... | **6** |

## *TABLE OF AUTHORITIES*

**Cases**                                                                                          **Page**

*Abbott Laboratories v. Lupin Ltd.,* 2012 WL 1994477 (D. N.J. 2012) .........            4

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* 296 F.3d 1106
(Fed. Cir. 2002) ...............................................................................................            2

*Energy Transp. Group, Inc. v. William Demant Holding A/S,*
697 F.3d 1342 (Fed. Cir. 2012) .......................................................................            2

*Geis v. Tricam Industries, Inc.*, 2010 WL 8591142 (D.N.J. 2010)...............            5,6

*Golight Inc. v. Wal-Mart Stores, Inc.,* 355 F.3d 1327 (Fed. Cir. 2004) ........            2

*Magnetar Technologies Corp. v. Six Flags Theme Parks Inc*.,
2012 WL 394660 (D. Del. 2012)....................................................................            5

*Meyers v. Pennypack Woods Home Owners*, 559 F.2d 894 (3rd Cir. 1997) ..            5

*The Proctor & Gamble Company v. Teva Pharmaceuticals USA, Inc*.,
2006 WL 2241128 (D. Del. 2006)..................................................................            6

*Thorner v. Sony Computer Entertainment America LLC,*
669 F.3d 1362 (Fed. Cir. 2012) .....................................................................            2

*V. Mane Phils S.A. v. International Flavors and Fragrances, Inc.,*
2011 WL 1344193 (D.N.J. 2011) ..................................................................            5


Statutes

35 U.S.C. §112............................................................................................            2

Via Vadis, LLC ("Via Vadis"), by its undersigned counsel, respectfully files this Opposition to the Motion to Strike its Proposed Claim Constructions disclosed in its Opening Claim Construction Brief filed by the Defendants, Skype, Inc., Skype Communications SARL, Skype Global SARL, Skype Software SARL and Skype Technologies, SA (collectively, the "Defendants").

## I.      Introduction

Defendants argue that Via Vadis' proposed claim constructions disclosed in its Opening Claim Construction Brief should be struck because of an alleged failure to comply with certain deadlines set forth in the Court's April 12, 2012 Scheduling Order.  In making this argument, however, the Defendants fail to advise the Court of certain critical facts that compels the denial of their motion:  (i) Via Vadis' Opening Claim Construction Brief is consistent with the position it has taken throughout this litigation that none of the claims at issue in this matter require construction; but rather, each claim term should be accorded its plain and ordinary meaning; and (ii) consistent with the Court's Scheduling Order, Via Vadis, in the Joint Claim Construction Statement filed September 28, 2012, provided the Defendants with *detailed* information regarding the intrinsic evidence on which it ultimately relied in its Opening Claim Construction Brief.  Accordingly, Via Vadis has not violated the Court's Scheduling Order and Defendants' motion should be rejected.

## II.      Argument

### A.      *Via Vadis met its obligations under the Scheduling Order*

The Court's Scheduling Order, at paragraph 7, provides that on or before August 28, 2012, "the parties shall exchange a list of those claim term(s)/phrase(s) *that they believe need construction* and their proposed claim construction of those term(s)/phrase(s)."  (Emphasis

added).  On August 28, 2012, consistent with this mandate, Via Vadis notified the Defendants

that it did not believe that any of the claim terms required construction.  Rather, Via Vadis stated

that the Court should simply afford each and every claim term its plain and ordinary meaning.

This is entirely consistent with current law on the subject.  *See, e.g.*, *Energy Transp. Group, Inc.*

*v. William Demant Holding A/S*, 697 F.3d 1342 (Fed. Cir. 2012) (claim term given plain and

ordinary meaning); *Thorner v. Sony Computer Entertainment America LLC,* 669 F.3d 1362 (Fed.

Cir. 2012) (claim term given plain and ordinary meaning); *Golight Inc. v. Wal-Mart Stores, Inc.,*

355 F.3d 1327 (Fed. Cir. 2004) (*citing*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* 296

F.3d 1106 (Fed. Cir. 2002) (holding that "ordinary principles of claim construction govern

interpretation of [means-plus-function terms]").[1]

    Via Vadis' position in this regard has remained consistent throughout these proceedings.

In its Opening Claim Construction Brief, Via Vadis argued that the Court need not construe any

of the terms; rather, each term should be accorded its plain and ordinary meaning.  Accordingly,

Via Vadis has not violated the Scheduling Order in any way.

    Defendants seem to take particular issue with Via Vadis' specific identification of the

plain and ordinary meaning of each term in its Opening Claim Construction Brief in response to

the Defendants' proposed (and highly contorted) constructions.  Defendants' complaints, in this

regard, are unwarranted.[2]  Via Vadis, in its Opening Claim Construction brief, simply argues that

---

[1]    The *Golight* Court made clear that a court must construe the function of a means-plus-function limitation "to include the limitations contained in the claim language…." *Id.* (*citing Cardiac Pacemakers,* 296 F.3d at 1113). In this regard, ordinary principles of claim construction govern the identification of function applicable to a means-plus-function term, including the principle that such function can be identified by affording the terms their plain and ordinary meaning. *Id.* Then and only then, and consistent with 35 U.S.C. §112, ¶6, must the court must look to the patent's specification and identify the corresponding structure for that function. Via Vadis *timely* identified the structure disclosed in the patent's specification corresponding to the function described by the means-plus-function terms consistent with the Court's Scheduling Order.

[2]    Defendants' complaints regarding Via Vadis' proposed constructions of the "means-plus-function" phrases are particularly unnecessary in that the Parties' proposed identification of the function associated with each such term is nearly identical.  In this regard, Via Vadis' proposed construction of the function associated with the

Defendants' proposed constructions are not consistent with the plain and ordinary meaning, while offering to the Court what those plain and ordinary meanings should be. Rebutting, or opposing, Defendants' proposed constructions is unquestionably permitted, and entirely consistent with Via Vadis' position from the outset of this case. That is all Via Vadis did in its Opening Claim Construction Brief.

Moreover, and noticeably absent from Defendant's motion, is any discussion of the timely filing of the Parties' Joint Claim Construction Statement. In this regard, the Court's Scheduling Order further provides that no later than September 28, 2012, the Parties shall file a Joint Claim Construction Statement identifying the terms and phrases of the claims at issue which "should include each Party's proposed construction of the disputed claim language with citation(s) . . . to the intrinsic evidence in support of their respective proposed constructions." Via Vadis met its obligations in this regard. A review of the Joint Claim Construction Statement[3] (a copy of which is attached (without exhibits) at *Exhibit A)* makes clear that Via Vadis disclosed *detailed* citations to the intrinsic evidence as required by the Scheduling Order. In particular, with regards to the "means-plus-function" terms, Via Vadis provided *extensive* citations to the language in the patent's specification describing the structure capable of performing the function associated with each such phrase. In its Opening Claim Construction Brief, Via Vadis does nothing more than rely on much of that same intrinsic evidence as

---

"storage means" is "storage" while Defendants' is "storing." Similarly, Via Vadis' proposed construction of the function associated with the "data transmission means" is "data transmission" while Defendants is "transmitting data." Finally, the Parties' proposed constructions of the function associated with the "means for detecting prespecified parameters of the data transmission between the data storage means and the computer unit" and the "second means for detecting pre-specified parameters of the data transmission between said data storage means" are identical.

[3]   Since filing of the Joint Claim Construction Statement, the '680 Patent has been withdrawn from the case.

providing the necessary support for its identification of the structure associated with those phrases consistent with 35 U.S.C. §112,¶6.  This is not improper.[4]

**B.     The Requested Relief is Untenable under the Existing Circumstances**

In the event that the Court finds that a technical violation of the Scheduling Order occurred, Defendants' requested relief is untenable under these circumstances.   While Defendants purport to set forth the legal standard which governs the Court's decision here, their motion does no such thing.   Rather, Defendants simply recite hornbook law that a court *may*, when confronted with a violation of its scheduling order, sanction the wrongful party in some way.   Via Vadis does not dispute that parties *can* be sanctioned for violating a scheduling order. The issues here, however, are whether a violation even took place (which it did not) and, if the Court finds that a violation occurred, whether sanctions are appropriate (which they are not).   In evaluating this second question, the Court must analyze the following factors: (i) the prejudice to the moving party who did not violate the scheduling order; (ii) the ability to cure such prejudice; and (iii) the bad faith or willfulness of the party found to have violated the order.

For example, in *Abbott Laboratories v. Lupin Ltd.,* 2012 WL 1994477 (D. N.J. 2012) (a copy of which is attached as ***Exhibit B***), the court was confronted with a motion to exclude an amended expert witness report served one month prior to trial, seven months after the close of expert discovery, and in violation of the scheduling order.  The court focused on the following

---

[4]     Defendants' request for relief is particularly coy with regard to the "means-plus-function" phrases in that they do not expressly state which aspect of Via Vadis' proposed claim constructions they seek to have stricken.  As set forth above, the Parties' identifications of the functions associated with each of these phrases are, for the most part, identical; thus, striking those portions of Via Vadis' brief would be pointless.  Presumably then, Defendants' motion is directed to the structure identified by Via Vadis which performs such functions.  As set forth above, however, the first time that the Parties are required to disclose their identification of this structure is in the Joint Claim Construction Statement; a requirement that Via Vadis *unquestionably* met.  To strike these portions of Via Vadis' Opening Claim Construction Brief would be sanctioning Via Vadis for *complying* with the Court's Scheduling Order.  Obviously, this makes no sense.

4

factors set forth in *Meyers v. Pennypack Woods Home Owners*, 559 F.2d 894 (3rd Cir. 1997) (*overturned on other grounds*):

    (1)    the prejudice or surprise to the moving party;

    (2)    the ability to cure such prejudice;

    (3)    the extent to which the violation of the court order would disrupt the orderly and efficient trial of the case; and

    (4)    the bad faith or willfulness of the non-moving party in failing to comply with the court's order.

*Id.* at 904-905.  The court held that while the amended report at issue was filed significantly after the deadlines set forth in its scheduling order, the prejudice to the moving party was minimal as the report did not greatly modify the prior report.  Moreover, the court could easily cure any prejudice by allowing the moving party to depose the expert prior to trial regarding his supplemental report.  Finally, the court found that the non-moving party's actions were not part of a calculated scheme to place the moving party at a disadvantage, and therefore, found that such actions were not taken in bad faith.  *See also*, *Magnetar Technologies Corp. v. Six Flags Theme Parks Inc.*, 2012 WL 394660 (D. Del. 2012) (a copy of which is attached as ***Exhibit C***) (denying plaintiff's motion to strike defendant' claim construction brief based on defendant's failure to timely serve proposed constructions consistent with the scheduling order because of a lack of prejudice to the plaintiff); *V. Mane Phils S.A. v. International Flavors and Fragrances, Inc.*, 2011 WL 1344193 (D.N.J. 2011) (a copy of which is attached as ***Exhibit D***) (affirming denial of motion to preclude plaintiff from pursuing certain infringement claims based on an alleged failure to adequately detail full and final claim assertions and by asserting additional claims that were not timely disclosed consistent with the court's scheduling order, finding that the alleged violations did not result in prejudice to the moving party); *Geis v. Tricam Industries,*

*Inc.*, 2010 WL 8591142 (D.N.J. 2010) (a copy of which is attached as ***Exhibit E***) (holding that plaintiff's disclosure of a supplemental expert report minutes before the expert's deposition and in violation of a scheduling order entered in the case was not prejudicial); *The Proctor & Gamble Company v. Teva Pharmaceuticals USA, Inc*., 2006 WL 2241128 (D. Del. 2006) (a copy of which is attached as ***Exhibit F***) (applying *Pennypack* factors in denying motion asserting violation of court's scheduling order where court found neither prejudice nor bad faith).

As previously set forth in detail, Via Vadis did not violate the Court's Scheduling Order. Moreover, even if the Court were to somehow conclude that a technical violation occurred (which it did not), Defendants have not been prejudiced, nor was such violation committed in bad faith.  Defendants had ample opportunity to review and consider Via Vadis' identification of the plain and ordinary meaning of the disputed claim terms, as well as its identification of structure related to the "means-plus-function" terms.   Indeed, Defendants already addressed those issues *in detail* in its recently filed claim construction brief.[5]   Accordingly, Defendants' motion should be denied.

### III.    *Conclusion*

For the reasons set forth herein, Plaintiff Via Vadis, LLC respectfully requests that the Court deny Defendants' Motion to Strike its Proposed Claim Constructions.

---

[5]        Defendants only vaguely address the prejudice requirement; instead, focusing on some purported "deterrent effect" if the Court enters the requested relief.  The case law makes clear, however, that the Court must find actual prejudice *to the moving party*, along with an inability to lessen or avoid such prejudice.  Defendants' bare allegations that it was deprived of the opportunity to negotiate compromises on the disputed terms or that its prior art search was somehow compromised does not rise to the level of prejudice necessary to invoke sanctions; particularly, as is the case here, where Via Vadis complied with the Court's Scheduling Order in every respect.

Respectfully submitted,

*/s/ Daniel A. Griffith*
Daniel A. Griffith (DE# 4209)
Whiteford, Taylor & Preston LLC
405 North King Street
Wilmington, Delaware 19801
(302) 353-4144
dgriffith@wtplaw.com

Edward M. Buxbaum (*admitted pro hac*)
Steven E. Tiller (*admitted pro hac*)
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
ebuxbaum@wtplaw.com
stiller@wtplaw.com

Martin M. Zoltick (*admitted pro hac*)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
607 14th Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040
mzoltick@rothwellfigg.com

Robert J. Weltchek (*admitted pro hac*)
WELTCHEK MALLAHAN & WELTCHEK
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
410-825-5287
rweltcheck@wmwlawfirm.com

**Attorneys for Plaintiff**
**Via Vadis, LLC**

7

### CERTIFICATE OF SERVICE

I, Daniel A. Griffith, Esquire, hereby certify that on December 7, 2012, a true and correct copy of Via Vadis's Opposition to Skype's Motion to Strike Untimely Disclosed Proposed Claim Constructions was served via electronic and U.S. First Class Mail, postage prepaid, on the following counsel of record:

Jack B. Blumenfeld
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE  19899

Douglas E. Lumish
Michael B. Eisenberg
Parker C. Ankrum
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065

*/s/ Daniel A. Griffith*
Daniel A. Griffith, Esquire (#4209)

*2028601*

8