## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIA VADIS, LLC,  ) | |
| ) | |
| Plaintiff,  ) | Civil Action No.11-507-RGA |
| ) | |
| v.  ) | |
| ) | |
| SKYPE, INC.; SKYPE  ) | **JURY TRIAL DEMANDED** |
| COMMUNICATIONS SARL;  ) | |
| SKYPE GLOBAL SARL; SKYPE  ) | |
| SOFTWARE SARL;  ) | |
| AND SKYPE TECHNOLOGIES, SA.,  ) | |
| ) | |
| ) | |
| Defendants.  ) | |

*PLAINTIFF'S OBJECTIONS TO*
*DEFENDANTS' FIRST NOTICE OF DEPOSITION OF*
*PLAINTIFF PURSUANT TO FED. R. CIV. P. 30(b)(6)*

Plaintiff, Via Vadis, LLC, by its undersigned counsel, hereby responds and objects to Defendants' First Notice of Deposition of Plaintiff pursuant to Fed. R. Civ. P. 30 (b)(6) (the "Notice") as follows:

### GENERAL OBJECTIONS

(a)      Plaintiff objects to the Notice to the extent it requests that Plaintiff produce for deposition a witness to testify on matters protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

(b)      Plaintiff objects to the Notice to the extent that it seeks to impose obligations other than, or beyond, those imposed on Plaintiff by the Federal Rules of Civil Procedure.

(c)      Plaintiff objects to the Notice to the extent it requests that Plaintiff produce for deposition a witness to testify on matters not relevant to the claims or defenses of any party to

this action or are not reasonably calculated to lead to the discovery of admissible evidence.

(d)     Plaintiff objects to the Notice to the extent that the categories of testimony identified therein are vague and ambiguous.

(e)     Plaintiff objects to the Notice to the extent it requests that Plaintiff produce for deposition a witness to testify on matters related to the confidential or proprietary information of Plaintiff.

(f)     Plaintiff objects to Defendants' characterization of this Notice as its "First" Notice.  The Federal Rules of Civil Procedure do not permit multiple depositions of any party absent extraordinary circumstances and Plaintiff's object to the extent that Defendants may seek to take multiple depositions of Plaintiff.

(g)     These General Objections should be considered incorporated into each of Plaintiff's Objections below.

### OBJECTIONS TO SPECIFIC CATEGORIES OF TESTIMONY

*CATEGORY NO. 1:*  All facts and circumstances (including the content of Documents) relating to the prosecution of the Patent-in-Suit and any Related patents.

*OBJECTION NO. 1:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

2

*CATEGORY NO. 2:*  All facts and circumstances (including the content of Documents) relating to the inventorship of the Patent-in-Suit, including the decision to name Thomas Binzinger as the sole inventor.

*OBJECTION NO. 2:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 3:*  All facts and circumstances (including the content of Documents) relating to the conception and reduction to practice of the alleged inventions claimed in the Patent-in-Suit and Related Patents, including the identities of all persons who participated, the identity of the person(s) who first conceived of the invention, the date the invention was conceived, the circumstances under which the invention was conceived, the identity of the person(s) who reduced the invention to practice, and the dates and circumstances under which the invention as reduced to practice.

*OBJECTION NO. 3:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff

will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

**CATEGORY NO. 4:**  All facts and circumstances (including the content of Documents) relating to any analysis of the patentability of the alleged invention claimed in the Patent-in-Suit and/or Related Patents, including any prior art identified or considered, any prior art searches, the date any such search(es) were undertaken, the identity of the person(s) undertaking any such search(es), and the result of any such search(es).

**OBJECTION NO. 4:**  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

**CATEGORY NO. 5:**  All facts and circumstances (including the content of Documents) relating to any participation in, involvement with, and contributions to the prosecution of the Patent-in-Suit and/or any Related Patents by Via Vadis, Via Vadis GmbH, and AC Technologies.

**OBJECTION NO. 5:**  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work

product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 6:*  The identity and content of Documents relating to Skype that were reviewed, considered, and/or analyzed during the prosecution, or used in the prosecution, of the Patent-in-Suit or any Related Patents, including all facts and circumstances related to such review, consideration, analysis, and/or use.

*OBJECTION NO. 6:*  Plaintiff objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information.

*CATEGORY NO. 7:*  All facts and circumstances (including the content of Documents) relating to any claimed utility and advantage of the Patent-in-Suit over the previously existing modes or devices, and any prior art known to Via Vadis, Via Vadis GmbH, AC Technologies, and/or the Named Inventor, including all patents, publications, or other materials or events that anyone has suggested or stated are or may be prior art.

*OBJECTION NO. 7:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular

question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 8:*  All facts and circumstances (including the content of Documents) relating to the first written description of the alleged inventions claimed in the Patent-in-Suit.

*OBJECTION NO. 8:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 9:*  The identity of all persons, departments, groups or entities that have knowledge about the ownership, title, transfer, lien, licensing, or assignment of the Patent-in-Suit or any Related Patents.

*OBJECTION NO. 9:*  No objection.

*CATEGORY NO. 10:*  The facts and circumstances (including the content of Documents) relating to the ownership, title, transfer, lien, licensing and/or assignment of the Patent-in-Suit or any Related Patents, including any communications, contracts, agreements, and licenses by and among the Named Inventor, Via Vadis, Via Vadis GmbH, AC Technologies, and/or other parties.

*OBJECTION NO. 10:*  Plaintiff objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without

waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information.

**CATEGORY NO. 11:**  All facts and circumstances (including the content of Documents) relating to the first public use in the United States, and the public disclosure anywhere, of the subject matter of the alleged invention claimed in the Patent-in-Suit.

**OBJECTION NO. 11:**  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

**CATEGORY NO. 12:**  All facts and circumstances (including the content of Documents) relating to the solicitation of investment, licensing, and/or joint commercialization of the Patent-in-Suit or any Related Patents, including negotiations related thereto, and any resulting investment, license and/or joint venture.

**OBJECTION NO. 12:**  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

7

*CATEGORY NO. 13:*  All facts and circumstances (including the content of Documents) relating to the claimed priority date of the Patent-in-Suit and/or any Related Patents.

*OBJECTION NO. 13:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 14:*  All facts and circumstances (including the content of Documents) relating to the sales or offers to sell the alleged invention claimed in the Patent-in-Suit and/or Related Patents, including such sales or offers to sell in the United States before the claimed priority date of the Patent Patent-in-Suit and/or any Related Patents.

*OBJECTION NO. 14:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 15:*  All facts and circumstances (including the content of Documents) relating to any licensed technology, including the technology claimed in the Patent-in-Suit and any Related Patents, licensed by, or to, Via Vadis, Via Vadis GmbH and/or AC Technologies technology, including the date of each license, the parties to the license, the technology that is subject to the license, and the terms of the license.

*OBJECTION NO. 15:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 16:*  All facts and circumstances (including the content of Documents) relating to Via Vadis's, Via Vadis GmbH's and/or AC Technologies' licensing policies from inception to the present.

*OBJECTION NO. 16:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

9

***CATEGORY NO. 17:***  All facts and circumstances (including the content of Documents) relating to any studies, analyses, evaluations, opinions, and communications with third parties concerning the valuation of any claims of the Patent-in-Suit or any Related Patents, including any evaluation of expected return on investment(s) made.

***OBJECTION NO. 17:***  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

***CATEGORY NO. 18:***  All facts and circumstances (including the content of Documents) relating to the commercialization and profitability of products embodying the Patent-in-Suit or any Related Patent.

***OBJECTION NO. 18:***  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

***CATEGORY NO. 19:*** All revenue attributable in any way to the Patent-in-Suit or the technology claimed in the Patent-in-Suit, including revenues from sales of products embodying the Patent-in-Suit, license revenues, and investment income.

***OBJECTION NO. 19:*** No objection.

***CATEGORY NO. 20:*** All facts and circumstances (including the content of Documents) relating to the first sale of any product, system, or technology that practices or incorporates any alleged invention claimed in the Patent-in-Suit and/or any Related Patents.

***OBJECTION NO. 20:*** Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

***CATEGORY NO. 21:*** All facts and circumstances (including the content of Documents) relating to the Relevant Products and Technology and all products and technology developed by Via Vadis, Via Vadis GmbH, AC Technologies, Thomas Binzinger, Joachim Guenster, and/or Peter Gailer, including the identity, marketing, licensing, and revenue of all such products and technology.

***OBJECTION NO. 21:*** Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to

this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 22:* All facts and circumstances (including the content of Documents) relating to the research, design, development, prototype, features, functionality, structure, testing, configuration, manufacture, assembly, use, performance, engineering and operation of the Relevant Products and Technologies, including the identity of persons, departments, groups, or entities who have knowledge thereof and the identity and content of Documents such as manuals, user guides, articles, instructions, help files, source code, training materials, presentations, drawings, specifications, white papers, and the like.

*OBJECTION NO. 22:* Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 23:* All facts and circumstances (including the content of Documents) relating to partnerships and other business relationships relating to the design and development of the Relevant Products and Technologies.

*OBJECTION NO. 23:* Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Plaintiff further

objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 24:* All facts and circumstances (including the content of Documents) relating to the marketing, sales, offers for sale, distribution, promotion, and advertising of any of the Relevant Products and Technologies, including the identity of persons, departments, groups, or entities that have knowledge thereof, and all advertisements, brochures, trade show materials, presentations, specifications and all other promotional material elated to the Relevant Products and Technologies.

*OBJECTION NO. 24:* Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 25:* All facts and circumstances (including the content of Documents) relating to the publication, public use or public demonstration of any of the Relevant Products and Technologies, including any presentations, specifications or other Documents relating to the Universe product.

*OBJECTION NO. 25:* Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly

burdensome and is not likely to lead to the discovery of admissible evidence. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 26:* All facts and circumstances (including the content of Documents) relating to any investigation to determine whether any person or entity infringes the Patent-in-Suit and/or Related Patents, including the date of any such investigation, the name of the person(s) undertaking any such investigation, the results of any such investigation, opinions of counsel comprising, relating, or referring to any such investigation, reports on the results of any such investigation, and the identity of any written document relating to such investigation.

*OBJECTION NO. 26:* Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted. Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege. Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 27:* The identity of all persons, products, devices, systems and/or services that allegedly infringe, or infringed, any claim of the Patent-in-Suit or any Related Patents, and the detailed factual bases for Via Vadis's, Via Vadis GmbH's, and/or AC Technologies' allegations that any claims of the Patent-in-Suit or any Related Patents are, or were infringed, including whether such infringement was direct, contributory, or by inducement.

14

***OBJECTION NO. 27:***  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

***CATEGORY NO. 28:***  All facts and circumstances (including the content of Documents) relating to Via Vadis's, Via Vadis GmbH's, and/or AC Technologies' first awareness of each of the accused Skype products, or any of Skype entity, including Skype, Inc., Skype Communications SARL, Skype Global SARL, Skype Software SARL, and Skype Technologies, S.A.

***OBJECTION NO. 28:***  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

***CATEGORY NO. 29:***  All facts and circumstances (including the content of Documents) relating to any analysis of Skype products, systems and/or services performed by, or on the behalf of, Via Vadis, Via Vadis GmbH, and/or AC Technologies, including the content of Documents relating to Skype and its products, systems and/or services that were reviewed,

considered, and/or analyzed during the prosecution, or used in the prosecution, of the Patent-in-Suit or any Related Patents.

*OBJECTION NO. 29:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 30:*  All facts and circumstances (including the content of Documents) relating to Plaintiff's decision not to file this Lawsuit prior to February 27, 2012.

*OBJECTION NO. 30:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 31:*  All facts and circumstances (including the content of Documents) relating to the corporate structure, ownership, and management of Via Vadis, Via Vadis GmbH, and AC Technologies.

*OBJECTION NO. 31:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 32:*  All facts and circumstances (including the content of Documents) relating to Joachim Guenster, Thomas Binzinger, and Peter Gailer, and their relationship with Via Vadis, Via Vadis GmbH, and/or AC Technologies, including their employment, ownership interests, management roles, and/or participation on the board of directors.

*OBJECTION NO. 32:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question is likely to lead to the discovery of admissible evidence.

*CATEGORY NO. 33:*  All facts and circumstances (including the content of Documents) relating to the identity and location of all persons or entities with a financial or other interest in This Lawsuit, including all facts and circumstances relating to the nature and extent of any such financial or other interest in This Lawsuit, and any agreements or contracts by and among any such identified persons or entities with respect to This Lawsuit.

*OBJECTION NO. 33:*  Plaintiff objects to the category to the extent it seeks "all facts and circumstances" related to the subject noted.  Such a broad category is overly broad, unduly

17

burdensome and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this category to the extent it seeks information protected by attorney/client, work product or any other privilege.  Notwithstanding, and without waiving these objections, Plaintiff will identify a person to testify on its behalf as to this category to the extent any particular question does not seek any protected information and is likely to lead to the discovery of admissible evidence.

Respectfully submitted,

*/s/ Daniel A. Griffith*

Daniel A. Griffith (DE# 4209)
Whiteford, Taylor & Preston LLC
405 North King Street
Wilmington, Delaware 19801
(302) 357-3254
dgriffith@wtplaw.com

Edward M. Buxbaum (*admitted pro hac*)
Steven E. Tiller (*admitted pro hac*)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
ebuxbaum@wtplaw.com
stiller@wtplaw.com

Martin M. Zoltick (*admitted pro hac*)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
607 14th Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040
mzoltick@rothwellfigg.com

Robert J. Weltchek (*admitted pro hac*)
WELTCHEK MALLAHAN & WELTCHEK
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
410-825-5287
rweltchek@wmwlawfirm.com

18

**CERTIFICATE OF SERVICE**

I, Daniel A. Griffith, Esquire, hereby certify that on January 10, 2013, a true and correct copy of the Plaintiff's Objections to Defendants' First Notice of Deposition of Plaintiff Pursuant to Fed. R. Civ. P. 30(b)(6) was served via electronic and U.S. First Class Mail, postage prepaid, on the following counsel of record:

Jack B. Blumenfeld                          Douglas E. Lumish
Rodger Dallery Smith, II                     Michael B. Eisenberg
Morris, Nichols, Arsht & Tunnell            Parker C. Ankrum
1201 North Market Street                     Stefan R. Stoyanov
PO Box 1347                                  Kasowitz, Benson, Torres & Friedman LLP
Wilmington, DE  19899                        333 Twin Dolphin Drive, Suite 200
                                             Redwood Shores, CA 94065


                                    /s/ Daniel A. Griffith

*2032434*

20